FRANK SCHWARZ, Respondent, *vs.* HANNIBAL & ST. JOSEPH RAILROAD CO., Appellant.

58 207
45a 128

1. *Railroads—Damages—Killing of bull—Const. Stat.*—In suit against a railroad for the killing of stock, it is no defense that the animal was a bull and subject to the provisions of ¿ 5 of the act passed for the restraint of certain animals therein named. (Wagn. Stat., p. 134.)

*Appeal from Marion Circuit Court.*

*James Carr*, for Appellant.

*Anderson & Boulware*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace, to recover damages from the defendant for the killing of a bull belonging to the plaintiff, which it was charged was killed by the running of its locomotive and cars against and over said bull upon defendant's railroad, at a point on said road where the same was not fenced, and where there was no crossing of a public highway. The bull was averred to be of the value of eighty dollars, and the petition prayed judgment for double damages.

A trial was had before the justice of the peace, where the plaintiff recovered a judgment for the sum of eighty dollars. The plaintiff appealed to the Marion Circuit Court, where the case was again tried.

The evidence given upon the trial in the Circuit Court was substantially as follows: That on the 21st day of Oct. 1873, the plaintiff was the owner of the bull sued for; that the bull was worth $75 or $80; that the bull was killed by the locomotive or train of the defendant, at a point on defendant's road in Fabius township, in Marion County, and where the road was not fenced, and where there was no crossing of a public highway, and where the railroad runs through timbered land; that the plaintiff lived about one mile from the road and the place where the accident occurred, but that his land continued up to within forty or fifty rods of the

road; that the bull at the time he was killed, was running at large with plaintiff's other cattle; that plaintiff had a hand who herded his cattle through the day time, and that the bull was killed in the morning. The herd of cattle with which the bull was running, was close to the road at the time of the killing.

At the close of this evidence the defendant asked the court to declare the law to be, " that, admitting all of the evidence adduced by the plaintiff to be true, he has shown no cause of action, and the court will find for the defendant." The court refused to make this declaration of law, and the defendant excepted. The defendant offered no evidence.

The court then, at the instance of the plaintiff, declared the law to be as follows: " If the defendant, by the cars, locomotive or other carriages used on its railroad, struck and killed the bull of plaintiff, and if such striking and killing was done at a point on said railroad in Fabius township, in Marion county, Mo., where the same was not inclosed by a fence, and not in the crossing of a public highway, then and in that case, plaintiff is entitled to recover in this action." To the making of this declaration of law, the defendant objected and excepted. The court then rendered a judgment in favor of the plaintiff for $83.

After an unsuccessful motion for a new trial, the defendant appealed to this court. The only ground for a reversal of the judgment in this case, urged by the defendant, is founded on the fifth section of the act of the legislature of this State, concerning certain animals running at large. (1 Wagn Stat., p. 134.) The section referred to, reads as follows: " If any bull or ram over one year old, or boar hog over three months old, shall be found going at large off the premises, or out of the enclosure or control of its owner or keeper, after three days' notice signed by three free-holders of the township, where such bull or ram or boar hog may be running at large, and the owner shall fail or neglect to take up or confine the same on or within his or her premises, it shall be lawful for any person to castrate any such bull, or ram or boar hog; provided that the same be done in a lawful manner," etc.

It is contended by the defendant, that this section of the statute makes it unlawful for the animals named to run at large, and that the plaintiff having, in violation of the statute, suffered his bull to run at large, cannot recover for any injury inflicted on the bull by the locomotive of defendant, or at least, that he cannot recover without showing that the accident was occasioned by the gross negligence of defendant, or in other words, that as the plaintiff himself was a wrong doer, he is not entitled to the benefits of the 5th section of the statute concerning damages and contributions, (Wagn. Stat., 520) which provides that, "where animals are killed by the cars or locomotives on any railroad in this State, the owner may recover the value thereof without proving negligence or unskillfulness, except in cases where the accident occurs at a public crossing of the road, or where the road is inclosed by a fence, etc."

I do not think that this position can be maintained. The statute neither directly or indirectly makes it unlawful for the animals named to run at large, until after the expiration of three days after notice shall have been given to the owner, which notice shall be signed by three free-holders of the township. Until this notice shall have been given, it is as lawful for such animals to run at large as any other cattle in the country, and even after the notice has been given, all that can be done is to castrate the animal in a careful way, so as to do him as little damage as possible. The object of the law is a plain one. It is to enable persons who may desire to breed and raise blooded stock in the country to protect their herds from contact with male cattle which may adulterate their stock or herds. When the legislature attempts to prohibit the running of any particular kind of stock at large, appropriate language is used. The first section of the same act makes a provision of that kind. It provides that, "If any stallion or any unaltered male mule or jackass over the age of two years be found running at large, the owner shall be fined, for the first offense, three dollars, and for every subsequent offense not exceeding ten dollars, to be recovered by civil

action, etc." In this last section the stock is prohibited from running at large by a penalty. This makes it unlawful to permit the animals of the character named to run at large; but the fifth section does not directly prohibit the running of stock at large; but recognizes the legality of the running of the stock named at large, until after the three days' notice is given, and even then if the owner fails to take his stock up, all that can be done is, that persons may protect themselves from injury by the means named in the statute, doing the animal as little damage as possible. We have been referred to several authorities by the learned counsel for the defendant, but we cannot see that they have any applicability to this case.

There having been no other error suggested or insisted on in the case, the judgment will be affirmed; the other judges concur.