———o———

DAVID MUMPOWER, Respondent, vs. THE HANNIBAL & ST. JOSEPH RAIL ROAD Co., Appellant.

1. *Railroads—Killing of stock—Allegations as to negligence and failure to erect fences, etc.*—In suit against a railroad company, the petition alleged that defendant's cars "wrongfully and illegally, and against the will of plaintiff," ran over his cattle, and that the same were killed, owing to defendant's failure to erect and maintain good and substantial fences on the side of the road, "where the same passes through, along or adjoining enclosed or cultivated fields of plaintiff." Petition held substantially good.

2. *Railroads—Damages—Instruction—Enclosed fields, etc.*—In suit under § 43, Art. II, Railroad law, Wagn. Stat., 310, against a railroad for damages, in killing stock, an instruction, which does not leave to the jury the question as to whether the accident occurred at a point on the road where the same passed through enclosed or cultivated fields, is erroneous.

3. *Railroads—Damages—Killing of bull—Const. Stat.*—In suit against a railroad, for killing stock, it is no defense that the animal was a bull and subject to the provisions of § 5 of the act for restraint of certain animals therein named. (Schwarz v. Hann. & St. Joe. R. R., 58 Mo., 207.)

*Appeal from Livingston Circuit Court.*

*James Carr*, for Appellant.

*L. T. Collier*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This was an action to recover the value of a bull alleged to have been killed on a portion of the track of defendant where it passed through an enclosed pasture.

The suit was brought under the 43rd section of the 2nd article concerning corporations. (Wagn. Stat., 310.) There was a verdict and judgment for plaintiff.

The principal point made here is that the petition does not state a cause of action. The petition differs from the one passed on in Aubuchon vs. St. Louis & I. M. R. R. (52 Mo., 522) only in using the words "wrongfully and illegally, and against the will of plaintiff," instead of "negligently and carelessly;" but any of these epithets as applied to the act of the company under this section are unnecessary.

It is charged that the bull was killed by reason of the failure of the defendant to erect and maintain good and substantial fences on the side of the road "where the same passes through, along or adjoining enclosed or cultivated fields of plaintiff."

We think the petition was substantially right.

The court instructed the jury "that if the plaintiff was the owner of the bull mentioned, and that defendant, by its agent, etc., did, on or about the 12th September, 1872, at the county, etc., strike, wound, cripple and render useless, said bull by

means of a train of cars drawn by a locomotive, then and there running on defendant's road, they must find for plaintiff, provided they further find that said bull strayed upon said railroad and was so struck, wounded and crippled by reason of the failure of defendant to erect and maintain fences on the side of said road where the said animal strayed on the same and was injured as aforesaid, etc."

This instruction was the only one given, and it is plainly defective in not leaving to the jury the question as to whether the accident occurred at a point on the road where, by law, the company was required to erect fences; that is, where the road passed through enclosed or cultivated fields.

The point made here, in regard to the act which prohibits bulls from being allowed to run at large, (Wagn. Stat., 134) was decided in a case determined at St. Louis, the title of which is not remembered.*

Judgment is reversed and the case remanded; the other judges concur.

*Schwarz v. Hann. & St. Joe. R. R. Co., 58 Mo., 207.—REPORTER.