CHATTANOOGA RY. & LIGHT CO. *v.* K. H. BETTIS.

(*Knoxville.*   September Term, 1917.)

1. **STATUTES. Repeal. Constitutionality.**

Priv. Acts 1911, chapter 269, providing for lawful fences in Hamilton county, is not unconstitutional as being in violation of Constitution, article 2, section 17, requiring an act repealing a former act to recite the title or substance of the former act, such act, though not referring sufficiently to the title, in fact making adequate reference to the substance. (*Post, pp.* 334, 335.)

Acts cited and construed: Acts 1899, ch. 23; Acts 1911, ch. 269.

Cases cited and approved: State v. Runnels, 92 Tenn., 320; Ransome v. State, 91 Tenn., 716; State ex rel. v. Gaines, 69 Tenn., 734.

Constitution cited and construed: Art. 2, sec. 17.

2. **ANIMALS. Stock laws. Statutes.**

Priv. Acts 1911, chapter 269, providing for lawful fences in Hamilton county, does not repeal by implication Acts 1899, chapter 23, making it unlawful to permit stock to run at large in Hamilton county; the act of 1911 only applying to rural districts in such county, and therefore not covering the same field. (*Post, p.* 335.)

3. **STREET RAILROADS. Injuries to animals. Contributory negligence.**

Defendant railroad company was sued for negligently killing plaintiff's pig, and interposed a defense of contributory negligence, based upon plaintiff's violation of Acts 1899, chapter 23, making it unlawful to permit stock to run at large. *Held,* that such act, not being passed for the protection of defendant railroad company, it could not predicate a defense of contributory negligence thereon. (*Post, pp.* 335-337.)

Cases cited and approved: Central Branch R. Co. v. Lea, 20 Kan., 353; Kansas City, etc., R. Co. v. McHenry, 24 Kan., 501; Rail-

road Co. v. Cocke, 64 Tex., 151; Locke v. Railway, 15 Minn., 350; Queen v. Dayton Coal & Iron Co., 95 Tenn., 458; Weeks v. McNulty, 101 Tenn., 495; Iron & Wire Co. v. Green, 108 Tenn., 161; Railway v. Haynes, 112 Tenn., 712; Willey v. Mulledy, 78 N. Y., 310.

Cases cited and distinguished: Adams v. Inn Co., 117 Tenn., 470; Pauley v. Steam Guage, etc., Co., 131 N. Y., 90.

4. ACTION. Operation. Violation.

One not the beneficiary of a statute may neither base an action nor defense on a violation thereof. (*Post, pp.* 337-340.)

Acts cited and construed: Acts 1899, ch. 23.

Cases cited and approved: Pennsylvania Co. v. Frana, 112 Ill., 398; Sherman v. Fall River, etc., Co., 5 Allen (Mass.), 213; Alabama G. S. R. Co. v. McAlpine, etc., Co., 71 Ala., 545; Roberts v. R. & D. R. Co., 88 N. C., 560; Owens v. Hannibal, etc., R. Co., 58 Mo., 387; Schwarz v. Hannibal, etc., R. Co., 58 Mo., 207; Roberts v. M. & O. R. Co., 74 Miss., 334; Orcutt v. Pacific Coast R. Co., 85 Cal., 291; Gulf, etc., R. Co. v. Washington,, 49 Fed., 347.

Cases cited and distinguished: Hughes v. Atlanta Steel Co., 136 Ga., 511.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —NATHAN L. BACHMAN, Judge.

BROWN, SPURLOCK & BROWN, for appellant.

HENRY A. BLACKWELL, for defendant.

Mr. Justice Green delivered the opinion of the Court.

In this case there was a judgment below for the value of a pig killed by a street car belonging to the plaintiff in error. This judgment was affirmed by the court of civil appeals, and the case has been brought before us by petition for *certiorari*.

It is not denied in this court that there was some evidence of negligence on the part of the motorman in charge of the street car. Plaintiff in error, however, insists that the owner of the pig cannot recover, inasmuch as it was at large at the time it was killed, in violation of a stock law said to have been in force in Hamilton county.

The plaintiff in error relies on chapter 23 of the Acts of 1899, which made it unlawful to permit stock to run at large in Hamilton county and other large counties of the State.

The lower courts were of opinion that the said act was repealed by implication by chapter 269 of the Acts of 1911, which undertook to provide for lawful fences in Hamilton county. Plaintiff in error insists that the Act of 1911 is unconstitutional, inasmuch as it purports on its face to be an act which repeals a former act of the legislature without reciting the title or substance of said former act, as section 17 of article 2 of the Constitution requires. We do not think the act of 1911 is unconstitutional. While it does not sufficiently refer to the title of the act it

undertakes to repeal, it does make adequate reference to the substance of the former act, and this is sufficient. *State v. Runnels,* 92 Tenn., 320, 21 S. W., 665; ; *Ransome v. State,* 91 Tenn., 716, 20 S. W., 310; *State ex rel.* v. *Gaines,* 69 Tenn. (1 Lea), 734.

We do not agree with the lower courts that the act of 1911 worked a repeal by implication of the act of 1899. The act of 1899 applies to all of Hamilton county and to the other larger counties of the State. The act of 1911 only applies to the rural districts of Hamilton county, the incorporated towns in that county being excepted from its provisions; so that the two statutes do not cover the same field.

Just how far the earlier act is modified by the later one we do not feel called upon to determine in this case. For the purposes of this opinion we may concede that the act of 1899 is in force in Hamilton county, and that the pig killed was at-large in violation of said statute. Nevertheless, we think that the owner is still entitled to recover for its value, it not being controverted that the evidence showed some negligence on the part of the motorman in charge of the car which killed it.

We are aware that it has been held in several jurisdictions that an owner of animals allowing them to be at large in violation of stock laws is guilty of such contributory negligence as to bar his recovery for the negligent injuring of the animals by another. To this effect seem to be *Central Branch R. Co.* v. *Lea,* 20 Kan., 353; *Kansas City, etc., R. Co.* v. *Mc-*

*Henry,* 24 Kan., 501; *Railroad Co.* v. *Cocke,* 64 Tex., 151; *Locke* v. *Railway,* 15 Minn., 350 (Gil., 283), and perhaps other cases.

We are not able, however, to follow these authorities.

This court has declared that: "Generally speaking, the violation of a rule of the common law, a statute, or an ordinance of a municipality, or failure to discharge and perform a duty so imposed in the interest of the public, is actionable negligence, and any one coming within the protection of the law, or intended to be benefited by it, who suffers an injury peculiar to himself, the proximate cause of which is the violation or nonperformance of the law, may maintain an action against the offender for the injuries sustained by him." *Adams* v. *Inn Co.,* 117 Tenn., 470, 101 S. W., 428.

This principle has also been declared in *Queen* v. *Dayton Coal & Iron Co.,* 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St., Rep., 935; *Weeks* v. *McNulty,* 101 Tenn., 495, 48 S. W., 809, 43 L. R. A., 185, 70 Am. St. Rep., 693; *Iron & Wire Co.* v. *Green,* 108 Tenn., 161, 65 S. W., 399; *Railway* v. *Haynes,* 112 Tenn., 712, 81 S. W., 374.

It has been argued that the violation of a statute constituted merely a breach of duty to the State, and that the only remedy was the public remedy or a prosecution by the authorities of the State.

In *Pauley* v. *Steam Gauge, etc., Co.,* 131 N. Y., 90, 29 N. E., 999, 15 L. R. A., 194, upon which our

pioneer case of *Queen* v. *Dayton Coal & Iron Co.*, supra, was based, the New York court of appeals rejected the argument just referred to, and said:

"The rule applies that when a statute commands or prohibits a thing for the benefit of a person he shall have a remedy upon the same statute for the thing enacted for his advantage or for a wrong done to him contrary to its terms." *Pauley* v. *Steam Gauge, etc., Co.*, supra, following *Willey* v. *Mulledy*, 78 N. Y., 310, 34 Am. Rep., 536.

In order to found an action on the violation of a statute, or ordinance, these cases make it plain that the person suing must be such a person as is within the protection of the law and intended to be benefited thereby.

"And it may be stated as a general proposition, though there may be difficulty in some cases in applying it, that the violation of a statute or municipal ordinance is not of itself a cause of action grounded upon negligence in favor of an individual, unless the statute or ordinance was designed to prevent such injuries as were suffered by the individual claiming the damages, and often not then, the question depending upon judical theories and surmises." Thompson on Negligence (2 Ed.), section 12.

By a parity of reasoning, in order to justify a defendant in pleading the breach by plaintiff of a statute as a bar to a suit founded on defendant's negligence, it should appear that the statute was intended to prevent such accidents as that for which

redress is sought. In other words, it should appear that the defendant, in the prosecution of the activity which resulted in the injury, was under the protection of the statute, or that the scene of defendant's activity was so protected. We think that one not a beneficiary of a statute may neither base an action nor a defense on a violation thereof. Unless an individual be within the province of a statute, its violation is no breach of duty to him.

This conclusion is well supported by authority.

The supreme court of Illinois has held that a railroad company could not make a defense of contributory negligence on the fact that the plaintiff when injured was engaged in hauling lumber to stack it in violation of an ordinance passed to guard against the destruction of property by fire. *Pennsylvania Co.* v. *Frana,* 112 Ill., 398.

In Massachusetts, it has been held that keeping a livery stable without license in violation of law was not a bar to the liveryman's action for a nuisance to his real estate. *Sherman* v. *Fall River, etc., Co.,* 5 Allen (Mass.), 213.

The supreme court of Alabama, in considering a stock law case, where the railroad company relied on a violation of the law as contributory negligence, barring a recovery by the owner, for the negligent injury of his animals, observed that the statute was "confined to the protection of growing crops, and had no reference to the liability of railroad companies." For this and other reasons, the court rejected the

contention of the company. *Alabama G. S. R. Co. v. McAlpine etc., Co.,* 71 Ala., 545.

The same question has been presented in many cases where the injured plaintiff was working on Sunday in violation of law, and this fact has been set up as a defense.

In such a case the supreme court of Georgia has said: "The statute denouncing as penal the following of one's ordinary calling on the Lord's day defines and declares a duty to the State. A breach of duty to the State does not necessarily involve a breach of duty to the defendant in such cases; and, when it does not, it is simply an irrelevant fact, unless the law gives it relevancy in some express form." *Hughes v. Atlanta Steel Co.,* 136 Ga., 511, 71 S. E., 728, 36 L. R. A. (N. S.), 547, Ann. Cas., 1912C, 394.

The case just mentioned is annotated in Ann. Cas., 1912C, 397, and in 36 L. R. A. (N. S.), 547, where many cases in accord are collected, and some to the contrary.

The substance of the cases is thus stated in the Cyclopedia of Law and Procedure: "As in the case of the violation of a statute or ordinance by a defendant, it is necessary that the statute or ordinance be intended to prevent such an injury as is ground for suit, and where it has no relation to the act causing the injury, violation of it will not be contributory negligence. In addition, the violation of a statute or ordinance must be the proximate cause of the injury." 29 Cyc., 525.

Obviously chapter 23 of the Acts of 1899 was not passed for the benefit of the street railway companies operating in Hamilton county. This law was not designed for their protection, and had no relation to the act causing this injury. The caption of the statute indicates that it was passed to ''prevent the necessity of fencing lands'' in the counties to be affected thereby. It was therefore enacted primarily for the benefit of landowners and those cultivating crops likely to be injured by straying cattle. The relief of street car companies was not within the purview of this legislation.

Many courts have held that the existence of stock laws afforded no excuse for the negligent injury of animals by railroad companies. *Roberts* v. *R. & D. R. Co.*, 88 N. C., 560; *Owens* v. *Hannibal, etc., R. Co.*, 58 Mo., 387; *Schwarz* v. *Hannibal, etc., R. Co.*, 58 Mo., 207; *Roberds* v. *M. & O. R. Co.*, 74 Miss., 334, 21 South., 10; *Orcutt* v. *Pacific Coast R. Co.*, 85 Cal., 291, 24 Pac., 661; *Gulf, etc., R. Co.* v. *Washington*, 16 Fed., 347, 1 C. C. A., 286, and other cases might be cited.

In reaching a like result, we prefer to place our decision on the ground that the act of 1899 was not passed for the protection of the plaintiff in error, and that the plaintiff in error cannot predicate a defense of contributory negligence barring recovery upon a violation of said statute.

For the reasons stated, the judgment of the court of civil appeals is affirmed.