## V. P. CARTER *v.* MRS. MARY S. REDMOND.

### (*Nashville.* December Term, 1919.)

1. **ABATEMENT AND REVIVAL.** Variance between pleading and process waived by plea to the merits.

Variance between pleading and process is technical in character, and it is too late to take advantage of same after pleading to the merits; therefore, after defendant filed plea in bar to an action, which was begun by injured party and revived in the name of his widow, it is too late to assert that the order of revival did not allow the widow to recover damages for wrongful death, such damages being prayed in the declaration. (*Post, pp.* 260-262.)

Case cited and approved: McKenna v. Fisk, 1 How., 241.

2. **ABATEMENT AND REVIVAL.** Variance between pleading and process waived by first objecting after judgment.

An objection to a variance between pleading and process comes too late, where made for the first time after judgment, and delay cannot be excused on the ground that defendant sought to present the matter by instructions; instructions not being pleadings. (*Post, p.* 262.)

Cases cited and approved: Payton v. Trigg, 5 Tenn., 250; Johnson v. Planter's Bank, 20 Tenn., 77.

3. **NEGLIGENCE.** Violation of statute actionable, when beneficiary complains.

One not a beneficiary of a statute cannot base an action or defense on its violation. (*Post, pp.* 262-265.)

4. **HIGHWAYS.** Acts requiring motorist to come to a stop at railroad crossings not for protection of travelers on highway.

Acts 1917, chapter 36, requiring drivers of automobiles crossing railroad track to come to a full stop, is not intended to protect the travelers using the highway, such persons being protected by the common law and by Acts 1905, chapter 153, but was designed to prevent collisions between trains and automobiles. (*Post, pp.* 262-265.)

5. HIGHWAYS. Instruction in action for injury to railroad section foreman, struck at grade crossing by motorist, as to statutory duty of motorist to stop, reversible error.

A section foreman, who while at a grade crossing was struck by an automobile, could not claim negligence in motorist's failure to stop his vehicle before reaching the tracks, as required under Acts 1917, chapter 36, for the statute is not intended for the protection of persons on the highway. (*Post, pp.* 262-265.)

Acts cited and construed: Acts 1917, ch. 36.

Case cited and approved: Chattanooga Ry. & Lt. Co. v. Bettis, 139 Tenn., 332.

FROM MONTGOMERY.

Error to the Circuit Court of Montgomery County.— Hon. W. L. Cook, Judge.

Austin Peay and W. M. Daniels, Jr., for appellant.

Michael Savage and H. N. Leach, for appellee.

Mr. Justice Green delivered the opinion of the Court.

This suit grows out of an automobile accident. It was brought originally by James Redmond to recover damages which he sustained by reason of being run down by an automobile belonging to V. P. Carter. Redmond died, and the suit was revived in the name of his wife as administratrix. There was a verdict and judgment for plaintiff below, from which Carter has appealed in error. The constitutionality of a statute is involved, and the court of civil appeals, to which the appeal in error had been taken, transferred the cause to this court.

James Redmond was a section foreman employed by the Louisville & Nashville Railroad Company, and with his gang was working on the railroad at a point where it is crossed by one of the public roads of Montgomery county. While so engaged he received the injuries for which suit was brought from an automobile owned by plaintiff in error, in which plaintiff in error and his daughter were riding at the time.

It is said that there is no evidence in the record tending to show that the deceased died from the injuries sustained in this accident. It is likewise urged that no negligence, either statutory or common-law negligence, can be ascribed to plaintiff in error on the facts of this case.

Inasmuch as the case must be reversed on another ground, it would not be desirable to go into the facts. We may observe, however, that in our opinion there is evidence from which it may be concluded that Redmond died as result of the injuries received as above, and there is evidence that the automobile was being operated in excess of the statutory speed limit, and there is evidence that the machine was being negligently operated, applying common-law rules.

As heretofore stated, this suit was originally brought by James Redmond. On the day after the suit was brought Redmond died. Mrs. Mary S. Redmond then appeared in court, produced letters of administration, and had the suit revived in her name as such administratrix, to stand revived "in the same plight and condition as before the death of plaintiff." Later Mrs. Redmond, as administratrix, filed her declaration, in

Carter v. Redmond.

which she claimed damages, not only such as were suffered by the deceased—pain, suffering, loss of time, doctor's bills, etc.—but claimed compensation under the statute for herself and children for the wrongful death of the deceased.

It is insisted that inasmuch as the suit was originally brought merely to recover the damages sustained by James Redmond, and that inasmuch as it was revived to stand in the same plight and condition, Mrs. Redmond as administratrix, cannot recover in this particular suit the damages sustained by the statutory beneficiaries consequent to the wrongful killing of the deceased.

This question cannot be made upon this record. Such an argument suggests a variance between the writ and the declaration. The declaration clearly averred and sought recovery for damages for the wrongful killing of James Redmond, as well as damages sustained by him, and to this declaration the defendant below interposed pleas in bar, to wit, the general issue and a plea of contributory negligence.

Granting the argument of plaintiff in error that the order of revivor had the effect of limiting recovery to the damages sought in the original writ, then the suit stood as if brought by Mrs. Redmond, as administratrix, to recover for the injuries inflicted upon the deceased. The declaration, however, went beyond this, as we have seen, without objection from the defendant below.

A variance between pleading and process is technical in character, and defendant must avail himself promptly of any objection he intends to interpose. Under all the authorities it is too late to take advantage of such a

variance after pleading to the merits. 22 Enc. Pl. Pr., 523; *McKenna* v. *Fisk,* 1 How., 241, 11 L. Ed., 117.

In the case before us this objection was not made by any pleading until after verdict and judgment. It is true that certain requests were offered by the defendant below, by which he sought to have the trial judge limit the damages to those sustained by James Redmond. A request for instructions is not a pleading, however, and the alleged variance was therefore not brought to the attention of the trial court by any motion or pleading, until the motion for a new trial was made. Our own cases have settled the law that such an objection comes too late when made for the first time after judgment. *Payton* v. *Trigg,* 4 Hayw., 250; *Johnson* v. *Planters' Bank,* 1 Humph., 77.

By chapter 36 of the Acts of 1917, the drivers of automobiles, crossing a railroad track at grade on public roads were required to come to a full stop at a distance of not less than 10 nor more than 50 feet from the nearest rail of said track before crossing.

The trial judge instructed the jury that, if they found that the defendant below failed to observe this statute, and that as a proximate result of such failure the plaintiff below was injured liability would follow. A request was tendered by the defendant below, asking that the jury be instructed that this statute had no bearing on the case before them, which request was refused by the court.

We think that the circuit judge erred in giving this instruction, and erred in refusing to give in charge the request just mentioned.

An examination of chapter 36 of the Acts of 1917 satisfies us that it was intended to prevent collisions of railroad trains and automobiles at grade crossings, and to protect those riding on railroad trains and in automobiles. It was not enacted for the protection of those using the public highway, either at the point where the highway happened to cross a railroad track at grade or elsewhere. Persons traveling on the highway are protected by the common law and also by chapter 173 of the Acts of 1905.

The Act of 1917 does not have such persons within its purview.

Such being our construction of chapter 36 of the Acts of 1917, it follows that the plaintiff below was not entitled to base his action upon any violation thereof.

We have considered this question fully in a recent case, and there said:

'In order to found an action on the violation of a statute, or ordinance, . . . the person suing must be such a person as is within the protection of the law and intended to be benefited thereby. . . . We think that one not a beneficiary of a statute may neither base an action nor a defense on a violation thereof. Unless an individual be within the province of a statute, its violation is no breach of duty to him." *Chattanooga Ry. & Lt. Co.* v. *Bettis,* 139 Tenn., 332, 202 S. W., 70.

The plaintiff in error has properly challenged the action of the trial court with reference to this statute in this court. He did not pretend to have stopped his car on approaching the crossing at which Redmond was

hurt.    Therefore such an instruction from the trial judge practically necessitated a verdict against him. With this statute out of the way his liability depended on controverted issues of fact. The error he complained of was therefore material, and affected the result.

Having taken the view that chapter 36 of the Acts of 1917 has no application to this case, it becomes unnecessarily to pass on its validity in this suit.

For the reason stated, the judgment below will be reversed, and this case remanded for a new trial.