GOUGER *v.* TENNESSEE VALLEY AUTHORITY (two cases).

(*Knoxville*, September Term, 1948.)

Opinion filed January 17, 1949.

FRAZIER, ROBERTS & WEILL, of Chattanooga, for plaintiffs in error.

JOSEPH C. SWIDLER, General Counsel, Tenn. Valley Authority, and CHARLES J. McCARTHY, Assistant General Counsel, both of Knoxville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Plaintiff in error, a fourteen year old boy, sued the Tennessee Valley Authority for an electric shock and consequent injuries received when he climbed a steel tower of the Tennessee Valley Authority up or near to the point where several high voltage uninsulated wires used for the transmission of electricity were strung. He has appealed from the judgment of the Circuit Court sustaining a demurrer to the declaration and dismissing his suit.

Several years before the accident the Tennessee Valley Authority had built this as one of its transmission lines for the purpose of conveying electricity from community to community and has since operated it. The high voltage uninsulated wires by which the electricity is conveyed are strung on and supported by steel towers erected at intervals along the line. One of these towers had been erected in a cultivated field owned by the father of the injured youth. This tower consisted of steel supports

resting on the ground and braced by cross-arms. It was from thirty to forty feet high and had a ladder which extended from the ground to its top. It was not enclosed by a fence and there was not erected any sign of warning that it was dangerous.

On the day of the accident this youth at the direction of his father was engaged in plowing the field in which the tower was erected, and with him at the time were his brother and first cousin, each being thirteen years old. While plowing, he heard the high power lines on this tower "making a strange and unusual hum or noise about the top of the tower" and he decided to make an examination "in an effort to determine why it was making the noise," and he and the other boys "decided to climb the tower in order to play on the tower and to ascertain, if they could, why it was making the noise." The climb was easy because of the ladder.

When the injured youth "had climbed a considerable distance up the tower and into the tower" he received the electric shock on account of which he seeks to maintain this suit.

The theory of the plaintiff in error is that the facts stated bring the case within the attractive nuisance doctrine; that, therefore, the Tennessee Valley Authority was derelict in the performance of the high degree of care which is required of it to protect children against this dangerous instrumentality to which it knew their natural curiosity would lead them, the breach of duty alleged being the erection of the ladder commencing at the ground rather than ten feet above the ground, and the failure to erect a warning that it would be dangerous to climb this tower; and a failure to enclose the tower with a fence to prevent children from reaching

it. None of these duties would be owed plaintiff in error if the attractive nuisance doctrine is not applicable. *Kelley* v. *Tennessee Electric Power Co.*, 7 Tenn. App. 555, 564.

Since it is the duty of the Court—not the jury— to "determine(d) the classes of cases or subjects to which the doctrine applies," *Louisville & N. Railroad Co.* v. *Ray*, 124 Tenn. 16, 38, 134 S. W. 858, 863, Ann. Cas. 1912D, 910, the ground of demurrer which should be considered first is the one by which it is insisted that the attractive nuisance doctrine has no application to the facts pleaded. This insistence, if sustained, is conclusive of the case.

Plaintiff in error relies upon *Town of Clinton* v. *Davis*, 27 Tenn. App. 29, 177 S. W. (2d) 848, in support of his insistence that the attractive nuisance doctrine does apply. That was a case in which an uninsulated electric wire ran through and was concealed by the branches of a tree standing near the highway in a populous community. A twelve and one-half year old boy climbed this tree with no knowledge of the presence of the electric wire. It was the conclusion of the Court under the facts of that case that this child had a right to climb this tree, and that because of the location of the tree and of the wire therein the Power Company was negligent in not anticipating and guarding against just such an accident as that which did occur. We agree with the statement made by the Court in the case that its facts did not involve the attractive nuisance doctrine.

In considering the applicability of the attractive nuisance doctrine to the facts of this case there must be kept in mind the statement of this Court in *Louisville &*

*N. Railroad Co.* v. *Ray, supra,* 124 Tenn. 38, 134 S. W. page 863, that:

"It should be remembered that while the doctrine is recognized here, and applied in proper cases, the recent authorities have shown a disposition to limit its application."

Frequently since *Louisville & N. Railroad* v. *Ray* our Courts have repeated and recognized the policy enunciated by this statement. *McCulley* v. *Cherokee Amusement Co.,* 182 Tenn. 69, 184 S. W. (2d) 170.

With one exception, *Kelley* v. *Tennessee Power Co., supra,* 7 Tenn. App. 555, is almost a facsimile of the instant case. There a boy just under eleven years of age climbed an electric transmission tower like the one we have here, and was electrocuted. That tower had the equivalent of a ladder in that steel spikes were attached to one of the up-rights "for the purpose of forming a ladder upon said tower . . . from a point a short distance above the ground to the top of said ladder." This tower was located in a farm field 3½ miles from Chattanooga. There was no fence around it, nor any written warnings of danger. There was a directed verdict for the defendant, Power Company. On appeal the same contentions were made there as are made here.

In that case the little boy was a trespasser in the field where the tower was located and it had been testified by his witnesses that he was attracted into this field, not by the tower, but because it was a shorter route to where he was going. The Court of Appeals upheld the action of the lower Court in directing a verdict because the boy was a trespasser in this field, and his trespass was not induced by the presence of the tower in that field. This Court denied *certiorari.*

In the instant case plaintiff in error was not a trespasser in this field in which he had been put to plowing that· day by his father who owned the field. While he had the legal right to be there, he was not an invitee of the Tennessee Valley Authority in the sense of being attracted there by the tower. He was there because he had been sent there by the owner of the field to plow this field, necessarily by means of a team of horses or mules, or tractor.

This youth was familiar with this tower located on his father's farm. That tower supported plainly visible wires commonly known to be for the sole purpose of transmitting electricity in such quantity as to be instantly fatal in most instances to any one who makes contact or near contact with them. As this youth plowed he was attracted, not to the tower, but to the fact that on this particular occasion those wires were making some unexplained noise different from that which he knew they were accustomed to make. He, therefore, decided that he would climb this tower "to ascertain . . . why it was making the noise" which it had not theretofore made. The declaration does throw in the expression "and to play" but there is no allegation that he had ever before attempted to play on this tower. The conclusion necessarily reached from a fair analysis of the declaration is that this youth climbed this tower in order to find out why it was making a noise different from that which he had ever heard it make before, and not because of the manner of its construction or its customary way of being maintained.

The conclusion of this Court is that the case stated does not come within the attractive nuisance doctrine. To hold otherwise would be to extend rather than to

limit, as we should, *Louisville & N. Railroad* v. *Ray, supra,* the application of this doctrine.

Since the conclusion stated is determinative of the case, it is unnecessary to consider the other grounds of the demurrer, all of which were sustained by the Court below.

This conclusion is likewise determinative of the suit instituted by the father, George A. Gouger, by reason of the injuries received by his son, the plaintiff in error, Wesley Gouger.

The judgment of the Circuit Court in each of these cases is affirmed with costs adjudged against the respective plaintiffs in error.

All concur.