EUGENE WESLEY ROSS, BY NEXT FRIEND, WILLIAM H. ROSS,
*v.* SEQUATCHIE VALLEY ELECTRIC COOPERATIVE.

WILLIAM H. ROSS *v.* SEQUATCHIE VALLEY ELECTRIC
COOPERATIVE.

(*Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

JOHN W. CAMERON and JAMES F. TURNER, both of Chattanooga, for plaintiff in error.

A. A. KELLY, of South Pittsburg, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

These cases were tried together. The defendant, Sequatchie Valley Electric Cooperative, filed a demurrer in each case which were sustained by the Trial Court.

The suits involve personal injuries alleged to have been suffered by the plaintiff, Eugene Wesley Ross, a minor 12 years of age.

The declarations charge that in September, 1953, plaintiff was a student in the Coalmont public school, which was located about one-half to three-fourths mile from his home. The school was located on a public highway which plaintiff traveled but a nearer way for students in this vicinity was through a woodland along an old road or path which crossed a right-of-way on which defendants maintained a high voltage transmission line.

On the day of the injuries this young boy with other students, was returning home by this nearer or more

convenient way when this accident occurred. Near this old road was a pole supporting the transmission line held in an upright position by two sets of guy wires, one set at an angle of 45 degrees and the other at about thirty degrees. This right-of-way had been cleared of large trees, but some bushes had grown up around, and on the right-of-way. This old road which plaintiff customarily used, passed within a few feet of a wooden pole which was used to support the high powered lines of defendant. This pole was located near the path, and in order to properly support this pole, the agents and servants of defendant had placed two sets of guy wires at approximately 90 degree angles to each other, running up to within 10 or 15 feet of the top of a pole and some 20 to 25 feet above the ground, and thence to the ground.

It appears that the plaintiff and his companions had been accustomed to climbing up or walking up the lower guy wire and holding to the top one and sliding back down. On the occasion in question this boy reached a point near the pole, he went over to the guy wires that were fastened to the pole at about 30 degree angle and proceeded to take hold of the top guy wire and walk up the lower guy wire to a point near the place where the guy wires tied into the electric light pole supporting the high tension electric lines. When he had reached a point some 1 foot or 2 feet of the pole, and near the high tension lines which connected to the pole, suddenly he was struck with a bolt or bolts of high voltage electricity, which burned and shocked him violently, knocking him loose from his hold on the guy wire, and caused his body to fall from a point 20 or so feet above the ground to the ground.

Plaintiff contends in the declaration that defendant was negligent, through its agents and servants, in so

placing the two parallel guy wires at such an angle that it was possible for small boys to easily climb or walk up the lower guy wire holding to the top guy wire, and thereby becoming an attractive nuisance to children.

Plaintiff alleged that he did not come in direct contact with the high tension wire but the same either ran down the guy wires or arched over from the high tension lines to his body, causing his body to be thrown from the guy wires to the ground, etc.

This case is based on the attractive nuisance theory.

█ It thus appears that there is no inference of negligence to be deducted from the above statements in the declaration, and that it does not allege the cause of action, as the attractive nuisance doctrine is not applicable. *Kelley* v. *Tennessee Elec. Power Co.,* 7 Tenn. App. 555.

█ It is the duty of the court to determine whether or not the attractive nuisance doctrine does apply. Citing *Louisville & Nashville Railroad Co.* v. *Ray,* 124 Tenn. 16, 134 S. W. 868.

The plaintiff relies upon *Town of Clinton* v. *Davis,* 27 Tenn. App. 29, 177 S. W. (2d) 858, in support of his contention that the attractive nuisance does apply.

In that case an uninsulated electric wire ran through and was concealed by the branches of a tree standing near the highway in a populous community. A twelve and one-half year old boy climbed this tree with no knowledge of the presence of the electric wire. It was the conclusion of the Court under the facts of that case that this child had a right to climb this tree, and that because of the location of the tree, and of the wire therein the Power Company was negligent in not anticipating and guarding against just such an accident as that which did occur.

However, in that case the right to recover was based upon negligence in not guarding against the probable

accident, but the court said that it did not involve the attractive nuisance doctrine.

In *Gouger* v. *Tennessee Valley Authority,* 188 Tenn. 96, 216 S. W. (2d) 739, 6 A. L. R. (2d) 750, the plaintiff was a fourteen year old boy, who sued the Tennessee Valley Authority for an electric shock and consequent injuries received when he climbed a steel tower of the Tennessee Valley Authority, up or near the point where several high voltage uninsulated wires used for the transmission of electricity were strung.

It appears in that case that several years before the accident the Authority had built this as one of its transmission lines for the purpose of conveying electricity from community to community and has since operated it. The high voltage uninsulated wires by which the electricity was conveyed were strung on and supported by steel towers erected at intervals along the line. One of these towers had been erected in a cultivated field owned by the father of the injured youth. This tower consisted of steel supports resting on the ground and braced by cross-arms. It was from thirty to forty feet high and had a ladder which extended from the ground to its top. It was not enclosed by a fence and there was not erected any sign of warning that it was dangerous.

On the day of the accident this youth, at the direction of his father, was engaged in plowing the field in which the tower was erected, and with him at the time were his brother and first cousin, each being thirteen years old. While plowing, he heard the high power lines on this tower "making a strange and unusual hum or noise about the top of the tower," and he decided to make an examination "in an effort to determine why it was making the noise," and he and the other boys "decided to climb

the tower in order to play on the tower and to ascertain, if they could, why it was making the noise.'' The climb was easy because of the ladder. When the injured youth had climbed a considerable distance up the tower and into the tower he received the electric shock on account of which he sought a recovery.

The Court found that the youth was not attracted to the tower, but to the fact that on this particular occasion those wires were making some unexplained noise different from that which he had ever heard it make before.

The Court then held that was not a case where the attractive nuisance doctrine should apply because there was nothing in the construction of its customary way of being maintained that would attract a child.

We are of the opinion that the attractive nuisance doctrine has no application in the present case. This wire was far above the ground and it required unusual effort to reach the place of danger.

Furthermore, the instrumentality was on the right-of-way of the defendant and was far removed from any populous community.

As said in Louisville & Nashville Railroad, supra, the recent authorities have shown a disposition to limit the application of this doctrine.

It results that we find no error in the judgment of the Lower Court in sustaining the demurrers and the action of the Trial Judge is affirmed.