DAVID R. BORDEN, by Next Friend, et al., Plaintiffs in Error, v. WALTER DANIEL, Defendant in Error.— 346 S. W. (2d) 283.

Eastern Section.   November 1, 1960.

Certiorari Denied by Supreme Court March 19, 1961.

Goddard & Gamble, Maryville, for plaintiffs in error.

Cheek, Taylor & Groover, Knoxville, for defendant in error.

McAMIS, P. J. The primary question in these cases is whether the defendant Daniel, while on duty as a rural mail carrier, was guilty of negligence, either common law or statutory, in stopping with his car partially on the paved portion of the highway. The trial court.directed verdicts for the defendant and plaintiffs have appealed.

Plaintiff David Borden, 4 years of age, was struck and injured in front of his home by a car driven by one Don Rogers as he attempted to cross the highway in front of defendant who had stopped his car for the purpose of selling a stamp. Don R. Borden, as next friend for his son David, sued to recover damages for the personal injuries sustained by the son and, in his own right, for loss of services and medical expenses. Since the suit of Don R. Borden is dependent on the suit of David Borden, by next friend, reference to the suit of the father will be omitted.

The declaration charges that in stopping with his car partially on the paved portion of the highway and leaving less than 18 feet of the pavement unobstructed defendant was guilty of a violation of T. C. A. sec. 59-859 providing:

"Stopping, standing or parking outside of business or residence districts. (a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle of not less than eighteen (18) feet shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred (200) feet in each direction upon such highway.

"(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disable vehicle in such position."

T. C. A. sec. 59-801 was amended by Chapter 34, Acts of 1959, to define a residential district. Apparently counsel have assumed that this definition applies although plaintiff was injured before the Act was amended.

Plaintiff lived with his father and mother on the west side of the highway. Their mail box was 3 or 4 feet off the pavement on the east side. At that point the highway was straight and practically level. At about 11 A. M.

plaintiff's aunt who was 13 years of age took him across the highway to the mail box. When defendant approached from the south he saw them standing off the pavement near the mail box. The girl was holding plaintiff by the hand. Defendant stopped with his right wheels off the pavement as far as he could go without striking the post which supported the mail box. This left about 15 feet of pavement unobstructed, with clear visibility from both directions for several hundred feet.

While the defendant was engaged in selling a stamp to plaintiff's aunt, the Rogers car approached from his rear. About the same time, plaintiff left his aunt and walked or ran northwardly along the east side of the pavement a distance of 38 feet to a point opposite his home. Rodgers did not testify but, apparently, when he came abreast of defendant's car he saw plaintiff crossing 38 feet to the north. He applied his brakes but was unable to stop and struck plaintiff about the middle of the pavement. Defendant was not aware of the approach of the Rodgers car or that plaintiff had left his aunt until the moment of impact. Plaintiff's mother testified that he was running at the time he was struck.

Under the foregoing undisputed facts we have concluded the Court was correct in directing a verdict for defendant.

First, as to the statutory count:

■ We think it is clear that this Section of the statute was not aimed at the protection of pedestrians. That its purpose is to prevent traffic "bottle necks" and resulting collision between vehicles is indicated by the requirement that at least 18 feet of the pavement be left "for

the free passage of other vehicles'' and that there shall be a clear view of the stopped vehicles from a distance of 200 feet in each direction. By the express terms of the statute this Section is limited to highways outside business or residential districts where pedestrian travel is least.

■ As said by Swepston, J., now Mr. Justice Swepston, in Vinson v. Fentress, 33 Tenn. App. 359, 368, 232 S. W. (2d) 272, 276: ''One not a beneficiary of [an act] may neither base an action nor a defense on a violation thereof'', citing for the rule: Chattanooga Ry. & Light Co. v. Bettis, 139 Tenn. 332, 338, 202 S. W. 70; Wilson v. Moudy, 22 Tenn. App. 356, 367, 123 S. W. (2d) 828; and Webster v. Trice, 23 Tenn. App. 365, 374, 133 S. W. (2d) 621.

■■ We are also of opinion there is no room for disagreement among reasonable minds that it is not negligence for a mail carrier engaged in the discharge of his duties to stop in broad daylight as far off the paved portion of the highway as he can get, leaving 15 feet of unobstructed pavement for passage of other vehicles and an unobstructed view of straight and practically level highway in both directions for a distance of several hundred feet. We can take judicial notice of the custom, if not necessity, for mail carriers to stop under such circumstances to discharge their official duties and that usually no adequate pull-off space is provided.

In this view it is unnecessary to express an opinion as to whether, if defendant was guilty of negligence either common law or statutory, his negligence could be found by a jury to be a proximate cause of the accident. Likewise, since the statute defining a residential district was

not enacted until after the accident, we express no opinion as to whether the locality in question can be said, as a matter of law, to be within such a district.

Although we base our conclusion on somewhat different grounds, we think the plaintiff failed to make out a case for the jury and that the Court was correct in directing a verdict. Accordingly, the judgment for defendant dismissing both suits is affirmed at plaintiff's cost.

Hale and Cooper, JJ., concur.