**Kermit P. MEAD, a minor, by Kermit Mead, his next friend, and Kermit Mead, Plaintiffs**

**v.**

**Zeb Carmen PARKER, Esther M. Parker, Kenneth Smith, and the T & F Vending Service Inc., a Tennessee Corporation, jointly and severally, Defendants.**

**Civ. A. No. 1680.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Aug. 22, 1963.

---

Sanders & Moore, Kingsport, Tenn., William Ross, Mount Clemens, Mich., for plaintiffs.

Swingle & Hardin, Greeneville, Tenn., for defendant Parker.

Winston, McClain & Coleman, Johnson City, Tenn., for defendants Smith and T. & F. Vending Service, Inc.

NEESE, District Judge.

It is alleged herein that the defendant Smith in the course of his employment by his codefendant T. & F. Vending Service, Inc., and after having proceeded eastwardly on a street in Bristol, Tennessee, pulled his said codefendant's vehicle to the north (and "wrong") side of the street and, in violation of a municipal ordinance, there parked to hawk the said defendants' ice cream and other wares; that this knowingly constituted an attractive enticement for children to cross the street and come to the vending truck to make purchases; that the minor plaintiff Mead, then five years of age, was thereby attracted and enticed, and did start, to cross the said street from its opposite side; and that the child in the process of crossing the street under such circumstances, was thereby caused to be struck and injured by the automobile of the defendant Parker.

This is a joint action on behalf of the minor child and his father. The defendants Smith and his employer seek a dismissal of the action on the ground that the complaint fails to state a claim against them on which relief can be granted, Rule 12(b) (6). Federal Rules of Civil Procedure, which will be treated as a motion for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure. The Court granted the parties an oral hearing on this and other motions. Rule 12(c) of this court.

The plaintiffs Mead are not beneficiaries of the municipal ordinance aforementioned and cannot base their action on its violation. Vinson v. Fentress (1950), 33 Tenn.App. 359, 368, 232 S.W.2d 272, 276, cited with approval in Borden v. Daniel (1960), 48 Tenn.App. 314, 346 S.W.2d 283. Ordinances which govern parking on municipal streets have as their purpose the prevention of traffic bottle-necks and the collision-free passage of other vehicles; they are " * * * not aimed at the protection of pedestrians. * * * " Borden v. Daniel, supra, 346 S.W.2d page 285.

Neither have the plaintiffs stated a claim under the attractive nuisance doctrine on which, in Tennessee, they can be granted relief. The Court must determine, as a matter of law, whether this doctrine is applicable under the alleged facts. Gouger v. Tennessee Valley Authority (1949), 188 Tenn. 96, 216 S.W. 2d 739, 6 A.L.R.2d 750; Ross v. Sequatchie Valley Electric Cooperative (1955), 198 Tenn. 638, 281 S.W.2d 646; Louisville & N. Railroad Co. v. Ray (1910), 124 Tenn. 16, 134 S.W. 858.

Contrary to popular conception, the doctrine of attractive nuisance is not based on humanitarian principles; it rests on either negligence or the failure to observe a legal duty. McCulley v. Cherokee Amusement Co. (1945), 182 Tenn. 68, 184 S.W.2d 170. The doctrine contemplates the guarding against some danger which is neither common nor obvious. Ray v. Hutchison (1934), 17 Tenn.App. 477, 68 S.W.2d 948. The owner of property which may be attractive to children who are too young to understand and avoid ordinary dangers is entitled to rely on their parents' or guardians' either keeping such children away from such property or forbidding the children's encountering such property unless they are properly accompanied. McCay v. DuPont Rayon Co. (1935), 20 Tenn.App. 157, 96 S.W.2d 177, 183, citing Ray v. Hutchison, supra. In McCay the

Tennessee court made a concise summary of the situations in which the doctrine may be applied and quoted the following language from City of Memphis v. Trice, 13 Tenn.App. 607:

\* \* \* "The owner of a thing dangerous and attractive to children is not always and universally liable for an injury to a child tempted by the attraction. His liability bears a relation to the character of the thing, whether natural and common or artificial and uncommon, to the comparative ease or difficulty of preventing the danger without destroying or impairing the usefulness of the thing, and, in short, to the reasonableness and propriety of his own conduct, in view of all surrounding circumstances and conditions." \* \* \* Idem., 13 Tenn.App. page 616.

The Court, therefore, finds and concludes: (1) that the minor plaintiff Mead was at the time of his injury a pedestrian and not a beneficiary of the municipal ordinance which the defendant Smith violated prior to the accident involved here; and (2) that these defendants' ice cream vending vehicle was engaged at the time and place of this accident in a lawful business, that it would have been extremely difficult for the defendants to have prevented any obvious danger to youthful purchasers of its merchandise without totally destroying the usefulness of the vending truck, that the attractive presence of the vending truck at the time and place of this accident merely created the occasion which afforded opportunity for another event to produce the minor plaintiff's injuries, and that, accordingly, the plaintiffs have not thereby charged these defendants with either actionable negligence or actionable failure to observe any legal duty owing the minor plaintiff.

The clerk hereby is ordered to forthwith prepare a judgment dismissing the complaint as to the defendants Kenneth Smith and T. & F. Vending Service, Inc., and after the form of judgment has been by the Court approved, to enter the same herein.