340 F.2d 157
 Kermit P. MEAD, a Minor, by Kermit Mead, His Next Friend, and Kermit Mead, Plaintiffs-Appellants,
v.
Zeb Carmen PARKER, Ester M. Parker, Kenneth Smith, and the T & F Vending Service, Inc., Defendants-Appellees.
 No. 15615.
 United States Court of Appeals Sixth Circuit.
 January 12, 1965.
 
 1
 William Ross, Mt. Clemens, Mich., Sanders & Moore, Kingsport, Tenn., of counsel, for appellants.
 
 
 2
 John Paul Coleman, Johnson City, Tenn., Winston, McClain & Coleman, Johnson City, Tenn., on brief, for T & F Vending Service and Kenneth Smith.
 
 
 3
 James N. Hardin, Greeneville, Tenn., Swingle & Hardin, Greeneville, Tenn., of counsel, for Zeb Carmen Parker.
 
 
 4
 Before CECIL and PHILLIPS, Circuit Judges, and STARR, Senior District Judge.
 
 
 5
 STARR, Senior District Judge.
 
 
 6
 The plaintiffs appeal from an order dismissing their action as against defendants Kenneth Smith and T & F Vending Service, Inc.
 
 
 7
 This case involves the plaintiffs' claims for damages arising out of an automobile accident June 3, 1962, in the city of Bristol, Tennessee. Defendant T & F Vending Service, Inc., herein referred to as Vending Service, was the owner of an ice-cream truck, which was being driven and operated by its employee, defendant Kenneth Smith, on the streets of Bristol for the purpose of selling ice-cream products from the truck to the public. The truck was traveling east on the south side of McDowell street, and at the time of the accident had been driven across the street and was parked on the north, or wrong, side of the street. Defendant Zeb Carmen Parker, herein referred to as Parker, was driving his automobile west on McDowell street, and as he approached the location of the Vending Service truck, the plaintiff Kermit P. Mead, about five years old, crossed from the south side of the street toward the truck on the north side and, while so crossing the street, was struck by the Parker car and seriously injured.
 
 
 8
 In their complaint and amended complaint the plaintiffs alleged in substance that the Vending Service ice-cream truck, parked on the wrong side of the street in violation of a municipal ordinance of the city of Bristol, attracted and enticed the plaintiff child to cross the street, and that defendant Parker was negligent in the operation of his automobile, which struck the child. They further alleged in substance that the negligence of the driver of the ice-cream truck in parking on the wrong side of the street, thereby enticing the child to cross the street, and the negligence of Parker in the operation of his automobile caused the injuries to the child.
 
 
 9
 It may be noted that the action was dismissed as to defendant Ester M. Parker, wife of defendant Zeb Carmen Parker. It may also be noted that defendant Zeb Carmen Parker did not appeal, as there was no order of the district court against him to appeal from. However, he filed a brief on appeal, but in view of this court's decision the brief which he filed and the motion of defendants Vending Service and Smith to strike that brief do not require consideration.
 
 
 10
 Defendants Smith and Vending Service filed a motion in the district court in pursuance of Rule 12(b) (6) of the Federal Rules of Civil Procedure to dismiss the action as to them on the ground that the plaintiffs' complaint failed to state a claim against them upon which relief could be granted. The district court treated this motion as a motion for summary judgment under Rule 56 of the Federal Rules. A hearing was had and in dismissing the action as to defendants Vending Service and Smith, the district court said in part:
 
 
 11
 "The plaintiffs Mead are not beneficiaries of the municipal ordinance aforementioned and cannot base their action on its violation. Vinson v. Fentress (1950) [C.A.Tenn.] 33 Tenn.App. 359, 368, 232 S.W.2d 272, 276, cited with approval in Borden v. Daniel (1960), [C.A.Tenn.], 48 Tenn.App. 314, 346 S.W.2d 283. Ordinances which govern parking on municipal streets have as their purpose the prevention of traffic bottle-necks and the collision-free passage of other vehicles; they are `* * * not aimed at the protection of pedestrians. * * *' Borden v. Daniel, supra, 346 S.W.2d page 285.
 
 
 12
 "Neither have the plaintiffs stated a claim under the attractive nuisance doctrine on which, in Tennessee, they can be granted relief. The Court must determine, as a matter of law, whether this doctrine is applicable under the alleged facts. Gouger v. Tennessee Valley Authority (1949), 188 Tenn. 96, 216 S.W.2d 739, 6 A.L.R.2d 750; Ross v. Sequatchie Valley Electric Cooperative (1955), 198 Tenn. 638, 281 S.W.2d 646; Louisville & N. Railroad Co. v. Ray (1910), 124 Tenn. 16, 134 S.W. 858."
 
 
 13
 We agree with the district court that the parking of the Vending Service truck on the north side of McDowell street in violation of the municipal ordinance did not constitute negligence as to plaintiffs for the reason that the ordinance was for the control and benefit of vehicular traffic and not for the protection of pedestrians, and that the plaintiff child was not a beneficiary of the ordinance. In Chattanooga Ry. & Light Co. v. Bettis, 139 Tenn. 332, 337, 202 S.W. 70, 71, the court said:
 
 
 14
 "In order to found an action on the violation of a statute, or ordinance, * * * the person suing must be such a person as is within the protection of the law and intended to be benefited thereby.
 
 
 15
 "And it may be stated as a general proposition, though there may be difficulty in some cases in applying it, that the violation of a statute or municipal ordinance is not of itself a cause of action grounded upon negligence in favor of an individual, unless the statute or ordinance was designed to prevent such injuries as were suffered by the individual claiming the damages, and often not then."
 
 
 16
 See also Carter v. Redmond, 142 Tenn. 258, 218 S.W. 217; Borden v. Daniel, 48 Tenn.App. 314, 318, 346 S.W.2d 283; Vinson v. Fentress, 33 Tenn.App. 359, 368, 232 S.W.2d 272.
 
 
 17
 We now turn to the plaintiffs' contention that the Vending Service ice-cream truck, being used to sell ice-cream products to the public, constituted an attractive nuisance as to small children and attracted and enticed the child, Kermit Mead, to cross the street.
 
 
 18
 The attractive nuisance doctrine is recognized in Tennessee and has been defined as follows:
 
 
 19
 "[O]ne who has that on his own premises, or who creates a condition on the premises of another, or in a public place, which may reasonably be apprehended to be a source of danger to children of tender years, is under a duty to take such precautions as a reasonably prudent person would take to prevent injury to such children whom he knows to be accustomed to resort there, or who may, by reason of something there which may be expected to attract them, come there to play." Ray v. Hutchison, 17 Tenn.App. 477, 484, 68 S.W.2d 948, 953.
 
 
 20
 It appears to be well established under the law of Tennessee that the question of whether the doctrine of attractive nuisance applies in a given case is for the court and not for the jury to determine. Ross v. Sequatchie Valley Electric Cooperative, 198 Tenn. 638, 641, 281 S.W.2d 646; Gouger v. Tennessee Valley Authority, 188 Tenn. 96, 99, 216 S.W.2d 739, 6 A.L.R.2d 750; Louisville & Nashville Railroad Co. v. Ray, 124 Tenn. 16, 38, 134 S.W. 858; Pirtle v. Hart's Bakery, Inc., Tenn.App., 372 S.W.2d 209, 211, 212.
 
 
 21
 The Tennessee courts have also stated that, while the doctrine is recognized and applied in proper cases, the more recent authorities have shown a disposition to limit its application. Gouger v. Tennessee Valley Authority, supra; Louisville & Nashville Railroad Co. v. Ray, supra.
 
 
 22
 In a case refusing to apply the doctrine, City of Memphis v. Trice, 13 Tenn. App. 607, 616, the Tennessee Court of Appeals quoted with approval the following language from Peters v. Bowman, 115 Cal. 345, 47 P. 113, 598, 56 Am.St.Rep. 106:
 
 
 23
 "The owner of a thing dangerous and attractive to children is not always and universally liable for an injury to a child tempted by the attraction. His liability bears a relation to the character of the thing, whether natural and common or artificial and uncommon, to the comparative ease or difficulty of preventing the danger without destroying or impairing the usefulness of the thing, and, in short, to the reasonableness and propriety of his own conduct, in view of all surrounding circumstances and conditions."
 
 
 24
 After reviewing the Tennessee authorities, the district court held that this is not a proper case for application of the attractive nuisance doctrine, saying:
 
 
 25
 "The Court, therefore, finds and concludes: * * * that these defendants' ice cream vending vehicle was engaged at the time and place of this accident in a lawful business, that it would have been extremely difficult for the defendants to have prevented any obvious danger to youthful purchasers of its merchandise without totally destroying the usefulness of the vending truck, that the attractive presence of the vending truck at the time and place of this accident merely created the occasion which afforded opportunity for another event to produce the minor plaintiff's injuries, and that, accordingly, the plaintiffs have not thereby charged these defendants with either actionable negligence or actionable failure to observe any legal duty owing the minor plaintiff."
 
 
 26
 We are not willing to hold as a matter of law that an ice cream vending truck is an attractive nuisance under the averments of the complaint in this case. Burkett v. Southern Belle Dairy Co. (Ky.), 272 S.W.2d 661; Sidders v. Mobile Softee, Inc., 184 N.E.2d 115 (Ct.App.); Baker-Evans Ice Cream Co. v. Tedesco, 114 Ohio St. 170, 150 N.E. 745, 44 A.L.R. 430; Bloom v. Good Humor Ice Cream Co. of Baltimore, 179 Md. 384, 18 A.2d 592.
 
 
 27
 Affirmed.