IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

October 26, 1998

Cecil W. Crowson

Appellate Court Clerk

| | | |
|---|---|---|
| PREMIUM FINANCE CORPORATION OF AMERICA | ) | |
| | ) | FOR PUBLICATION |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | FILED: OCTOBER 26, 1998 |
| | ) | |
| CRUMP INSURANCE SERVICES OF MEMPHIS, INC., | ) | |
| CRUMP E & S OF MEMPHIS, INC., | ) | SHELBY COUNTY |
| NORTHLAND INSURANCE COMPANY, | ) | |
| NATIONAL INDEMNITY COMPANY, | ) | |
| CANAL INSURANCE COMPANY, | ) | HON. KAY S. ROBILIO, |
| THOMAS JEFFERSON INSURANCE COMPANY, | ) | JUDGE |
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| STRATFORD INSURANCE COMPANY, | ) | |
| NATIONAL CASUALTY COMPANY, | ) | NO. 02-S-0... |
| NATIONAL FIRE & CASUALTY COMPANY, | ) | |
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | ) | |
| NATIONAL FIR & MARINE INSURANCE, | ) | |
| CONTINENTAL INSURANCE COMPANY, | ) | |
| LLOYDS OF LONDON, and | ) | |
| GLENS FALLS INSURANCE COMPANY | ) | |
| | ) | |
| Defendants-Appellants | ) | |

For Appellee:

J. ALLAN HANOVER
BARBARA B. LAPIDES
JEFFERY S. ROSENBLUM
Memphis, TN

For Appellants:
Crump Insurance Services of Memphis,
Inc., f/k/a Crump E & S of Memphis, Inc.
J. RICHARD BUCHIGNANI
ROSS HIGMAN
Memphis, TN

Northland Insurance Company
RICHARD GLASSMAN
Memphis, TN

National Indemnity Company
National Liability & Fire Insurance Company
National Fire & Marine Insurance Company
JOHN D. RICHARDSON
Memphis, TN

Canal Insurance Company
Thomas Jefferson Insurance Company
Scottsdale Insurance Company
National Casualty Company
National Fire and Casualty Company
HENRY T. V. MILLER
WILLIAM A. LUCCHESI
Memphis, TN

Stratford Insurance Company
JAMES R. GARTS, JR.
Memphis, TN

Continental Insurance Company
Glens Falls Insurance Company
SAM B. BLAIR, JR.
Memphis, TN

OPINION

JUDGMENT OF THE COURT OF APPEALS                          BIRCH, J.
REVERSED IN PART AND AFFIRMED IN PART

In the current case, the plaintiff, a premium finance company, alleged damage as a result of the defendant insurance companies' failure to return unearned premiums to the plaintiff after cancellation of the underlying insurance contracts. The defendants filed motions to dismiss for failure to state a claim upon which relief can be granted, which the trial court granted as to the plaintiff's claim under the Premium Finance Company Act, Tenn. Code Ann. § 56-37-101 et seq. (1994) (hereinafter "the Act").[1] The trial court certified its order as final in accordance with Tenn. R. Civ. P. 54.02, and the plaintiff appealed. The Court of Appeals reversed the trial court, holding that the plaintiff had stated a cause of action under Tenn. Code Ann. § 56-37-111 (1994).[2]

We granted the defendants' application for appeal under Tenn. R. App. P. 11 to determine whether Tenn. Code Ann. § 56-37-111 creates a cause of action for a premium finance company against an insurance company for failure to return an unearned premium to the finance company after cancellation of the underlying insurance contract. After a thorough examination of the statute and its legislative history, we conclude that Tenn. Code Ann. § 56-37-111 does not impliedly grant a statutory right of action to a premium finance company. Consequently, the plaintiff has failed to state

---

[1] The trial court denied the motions as to the plaintiff's common law claims of fraud and unjust enrichment and stayed these claims during the pendency of the appeal.

[2] The Court of Appeals's opinion at footnote 7 states that the plaintiff conceded on appeal that any action against the general insurance agent, Crump, must be pursued under the common law. Thus, we will address the appeal as to the defendant insurance companies only.

2

a claim upon which relief can be granted.  The judgment of the
Court of Appeals is, for the reasons appearing below, reversed.


I


The plaintiff is a Tennessee corporation licensed in
1989, and its primary business is the financing of insurance
premiums for persons or entities who do not pay the premium in full
at the inception of coverage.  In the typical transaction, the
borrower executes a financing agreement which provides for
repayment of the amount of the premium advanced with interest.
This agreement contains authorization for the plaintiff to cancel
the insurance contract and "direct the return of unearned premiums"
if the borrower fails to repay as promised.

According to its complaint, the transactions were
typically generated by a "producing agent" who would locate
prospective borrowers and write the financing agreements.  If
accepted, the plaintiff issued a check to the agent for the amount
of the premium; the agent then would deliver the premium to the
defendants' "general agent."  The "general agent" would then issue
the contract of insurance.  If the insured defaulted on the
agreement, the plaintiff canceled the insurance contract as
permitted by Tenn. Code Ann. § 56-37-110 (1994).[3]

---

[3]Tennessee Code Annotated § 56-37-110 provides the procedure
for cancellation of financed contracts by premium finance
companies.

The plaintiff alleges that from 1989 to 1992 the "general agent" returned all unearned premiums to the plaintiff upon cancellation of financed insurance contracts.  In late 1992, however, the agent stopped returning unearned premiums.  As a result, the plaintiff eventually defaulted on its own obligations and subsequently abandoned the premium finance industry.

II

This matter comes to us by way of a motion to dismiss for failure to state a claim upon which relief can be granted.  Such motion tests only the legal sufficiency of the complaint.  It admits the truth of all relevant and material allegations--"but asserts that such facts do not constitute a cause of action as a matter of law." Pursell v. First Am. Nat'l Bank, 937 S.W.2d 838, 840 (Tenn. 1996).  Thus, courts ruling on such a motion must accept the truth of all factual allegations.  The inferences to be drawn from the facts or the legal conclusions set forth in the complaint, however, are not required to be taken as true. Riggs v. Burton, 941 S.W.2d 44, 47 (Tenn. 1997).  In considering this appeal, we review the lower courts' legal conclusions *de novo* with no presumption of correctness.  Tenn. R. App. P. 13(d); Stein v. Davidson Hotel Co., 945 S.W.2d 714, 716 (Tenn. 1997).

The plaintiff's statutory claim is based on a portion of the Act wherein the General Assembly established the standards for return of unearned premiums following cancellation of a financed insurance contract.  Tennessee Code Annotated § 56-37-111 states, in relevant part, as follows:

4

> Whenever a financed insurance contract is cancelled, the insurer shall return whatever gross unearned premiums are due under the insurance contract directly to the premium finance company for the account of the insured or insureds as soon as reasonably possible, but in no event shall the period for payment exceed thirty (30) days after the effective date of cancellation.[4]

The plaintiff claims that the General Assembly intended this section of the Act to grant premium finance companies a statutory cause of action against insurers who fail to return unearned premiums. In contrast, the defendants insist that the General Assembly did not intend to grant such a cause of action to premium finance companies because those companies have other avenues of relief available to them.

In considering this issue, the Court of Appeals looked to several other states which have decided contests between insurers and premium financiers on statutes similar to our own. Although the decisions of our sister states are persuasive, they do not substitute for our own stated principles for determining whether a statute creates a cause of action. We are mindful that our essential duty in construing a statute is to ascertain and carry out the legislature's intent without unduly restricting or expanding a statute's coverage beyond its intended scope. Hawks v. City of Westmoreland, 960 S.W.2d 10, 16 (Tenn. 1997); Britton v. Claiborne County, 898 S.W.2d 220, 222-23 (Tenn. Ct. App. 1994).

---

[4]Subsequent to the filing of this action, this section was amended to add subsection (b) regarding refund on a pro rata basis. The wording quoted above remains unchanged as subsection (a).

Where a right of action is dependent upon the provisions of a statute, our courts are not privileged to create such a right under the guise of liberal interpretation of the statute. Hogan v. McDaniel, 204 Tenn. 235, 239, 319 S.W.2d 221, 223 (Tenn. 1958). Only the legislature has authority to create legal rights and interests. Thus, the burden of establishing the existence of a statutory right of action lies with the plaintiff. Ergon, Inc. v. Amoco Oil Co., 966 F. Supp. 577, 585 (W.D. Tenn. 1997).

In determining whether the legislature intended to grant a statutory right of action, we begin by examining the language of the statute. If no cause of action is expressly granted therein, then we must determine whether such action was intended by the legislature and thus is implied in the statute. To do this, we consider whether the person asserting the cause of action is within the protection of the statute and is an intended beneficiary. Carter v. Redmond, 142 Tenn. 258, 263, 218 S.W. 217, 218 (1920); Chattanooga Ry. & Lt. Co. v. Bettis, 139 Tenn. 332, 337, 202 S.W. 70, 71 (1918). The statute's structure and legislative history are helpful in making this determination.

III

The plaintiff concedes, as it must, that the language of Tenn. Code Ann. § 56-37-111 does not expressly grant a cause of action to a premium finance company against an insurer who fails to return an unearned premium. The plaintiff also acknowledges that the Act "mandates a duty on the part of the insurance companies, but it does not provide an enforcement mechanism for that duty."

6

Nevertheless, plaintiff still urges that we should imply a cause of action under the statute because "there is no indication that the intent of the Act is to deny a private right of action, and there is substantial suggestion from the language and structure of the act and legislative history that the legislative purpose was to facilitate, rather than interrupt, the commerce of premium financing."

We agree that the Act was not intended to "interrupt" the business of premium financing. According to Representative Bob Davis, the sponsor of the Act on the House side, the legislature intended to give legal recognition to the premium finance industry which had developed prior to the Act's passage. This broad statement of purpose, however, merely establishes the permissibility of premium financing in Tennessee. It does not provide for its day-to-day operation.

Reviewing the overall structure of the Act is of greater assistance in determining the issue. The Act is structured so as to evince a clear design to <u>regulate</u> the premium finance industry and thereby protect the insurance-financing public. As provided in the Act, its regulatory function is accomplished by providing for licensure of companies, directing the contents of financial agreements, establishing interest rates, and controlling the cancellation of insurance contracts for non-payment of a premium loan. <u>See</u> Act of April 18, 1980, ch. 920, preamble, 1980 Tenn. Pub. Acts 1574, 1574. Enforcement is through administrative penalties and criminal sanctions, all against the premium finance companies. <u>See</u> Tenn. Code Ann. §§ 56-37-105(a) (1994) (license

7

forfeiture); -105(b) (1994) (civil fines); and -113 (1994) (criminal sanctions). Where an act as a whole provides for governmental enforcement of its provisions, we will not casually engraft means of enforcement of one of those provisions unless such legislative intent is manifestly clear. We do not find such clear intention in the statute under review.

Focusing on Tenn. Code Ann. § 56-37-111, we think it is plain that the legislature intended this section to be of primary benefit to the insurance-financing public, with a residual benefit to premium finance companies. This section directs insurers to return unearned premiums to the finance company who must then apply those refunds to reduce an insured's debt. But for this section, insurers would return unearned premiums directly to the insured. The insured would, however, remain liable to the finance company for the premium loan balance due under the agreement. Thus, this section clarifies the procedure for insureds upon cancellation of a financed insurance contract.

A statutory cause of action to enforce this section is not necessary to further the legislative purpose. Insurers are heavily regulated entities who are under an obligation to return unearned premiums after cancellation of an insurance contract. An insurer who refuses to return such premiums will be subject to liability to its insured and may face regulatory sanctions as well. Thus, the insurer has every incentive to promptly return the unearned premiums as directed by the statute.

In addition, we decline to accept the prediction of the plaintiff that the premium finance industry cannot operate successfully and will cease to exist if such companies are unable to seek statutory recourse against insurers. As we noted above, the premium finance industry pre-dates the enactment of the statute at issue. Furthermore, such companies have other avenues of relief available to them. They may elect to proceed against the borrower-insured under the terms of the outstanding premium loan. They may elect to exercise any common law remedy in tort or contract available against an insurer. Finally, they may protect their interests by providing for such a possibility as a term of the contract.

IV

We hold that Tenn. Code Ann. § 56-37-111 does not grant premium finance companies a cause of action against insurers for failure to return unearned premiums after cancellation of a financed insurance contract. The plaintiff has therefore failed to state a claim upon which relief can be granted with respect to this statute. It results that the judgment of the Court of Appeals is reversed as to the defendant insurance companies and affirmed as to the "general agent."

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.

9

Drowota, Holder, JJ.