IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2004 Session

## JEFFREY LYNN MILLER v. JERRY ELLISON, ET AL.

**Appeal from the Circuit Court for Campbell County**
**No. 11,107     Conrad Troutman, Judge**

_____

**No. E2003-02732-COA-R3-CV - FILED JUNE 30, 2004**

_____

Plaintiff, a customer who was injured when assaulted on the premises, brought action for damages against the owners-lessors of the premises and others.  The Circuit Court, Campbell County, Conrad Troutman, Judge, dismissed the action as to the owners-lessors for failure to state a claim upon which relief could be granted, and plaintiff appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

H. DAVID CATE, SP. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

David H. Dunaway, LaFollette, Tennessee, attorney for appellant, Jeffrey Lynn Miller.

J. Stephen Hurst, LaFollette, Tennessee, attorney for appellee, John D. Suttles and wife, Verda Suttles.

**OPINION**

This action for personal injury damages was dismissed against  John D. and Verde Suttles, the owners-lessors of the property, for failure to state a claim upon which relief could be granted, pursuant to Rule 12.02(6), Tenn. R. Civ. P.

The pertinent averments in the complaint relating to the Suttles are quoted as follows:

\*   \*   \*   \*   \*

(2)     . . . At all times mentioned herein, the Defendants, John D. Suttles and wife, Verda Suttles were believed to be the owners of the premises where the L & M Lounge was located.

(3)     This action is an action for personal injuries sustained by the Plaintiff when he was a guest and business patron at the L & M Lounge located at 5782 General Carl Wade Stiner Highway . . . .

(4)     . . . That at all times mentioned herein, the plaintiff believes that the Defendants, Mike Slover and wife, Linda Slover, along with the Defendant, Luke Slover, managed or participated in the management of the L & M Lounge and otherwise controlled the common areas of said premises.  At all times material to this action, it is believed that the Defendants, John D. Suttles and wife, Verda Suttles, were the owners of the property and had leased the property to the Slovers.

(5)     That at the time and place of the above-described injuries, the Defendants Slovers and Suttles, had a duty of exercising ordinary care for the safety of the Plaintiff while he remained on their premises including the duty of removing or excluding any person whom the Defendants knew or who in the exercise of reasonable care should have known would be dangerous to other persons.  The Defendants also had a duty to remove and/or exclude those patrons from the premises which they knew or in the exercise of reasonable care should have known were dangerous to other persons and were bringing instrumentalities, including knives or firearms to said premises in the likelihood of risks or harm to others.  That the Defendants, Mike Slover and wife, Linda Slover, and Luke Slover and the Defendants, John D. Suttles and wife, Verda Suttles, were negligent in operating and maintaining the L & W Lounge and failing to otherwise make safe the premises of the L & M Lounge and the Defendants knew or in the exercise of reasonable care should have known that there was a likelihood of risk to the Plaintiff.   That the Defendants, Mike Slover, Linda Slover, Luke Slover, John D. Suttles, and wife, Verda Suttles, through their agents, servants, and/or employee, have violated the following statutes of the State of Tennessee which are incorporated by reference herein, and will be read in their entirety at the trial of this cause, to wit:

        T.C.A.    Section  62-7-109  -  <u>Right of Owners to Exclude Persons From Public Places</u>

        T.C.A. Section 68-14-602 - <u>Right to Refuse Use of Lodging Establishment - Grounds</u>

        T.C.A. Section 68-14-605 - <u>Ejectment from Premises</u>

(6)     That the violation of the foregoing statutes and the various conduct of the Defendants and/or their agents, servants, employees, and/or tenants, was the

direct and proximate cause of various serious personal injuries sustained by the Plaintiff.

(7)     That at the time and place of the injuries sustained by the Plaintiff, the Defendants had a duty of exercising ordinary and reasonable care for the safety of the Plaintiff while he remained on the Defendants' premises, including the duty of removing or excluding any person whom the Defendants knew or in the exercise of reasonable care should have known as bringing onto the premises weapons and/or items which would cause likelihood of risk or harm to others. That the Defendants had a duty to protect their guests and business patrons from the misconduct of these persons.

(8)     That additionally, the Defendants were guilty of the following acts of negligence which acted as a proximate and/or concurrent cause of the injuries and damages sustained by the Plaintiff:

   (a)     The Defendants failed to exclude the Defendant Jerry Ellison, whom the Defendants knew or in the exercise of reasonable care should have known was dangerous to other person;

   (b)     The Defendants failed and refused to exercise a right of excluding the Defendant, Jerry Ellison, from its premises whom the defendants knew or in the exercise of reasonable care knew that the Defendant, Jerry Ellison, would cause harm to the Plaintiff;

   (c)     The Defendants failed and refused to protect the Plaintiff from the misconduct of the Defendant, Jerry Ellison; and,

   (d)     The Defendants failed to warn of dangers which they knew or in the exercise of reasonable care should have known to exist with regard to allowing the Defendant, Jerry Ellison, to remain on their premises.

(9)     That as a result of the Defendants' failure to provide safe premises to the Plaintiff and as a result of the negligence of the Defendants as above-described, the Plaintiff, Jeffrey Lynn Miller, sustained serious and disabling injuries.

## I.

In considering this appeal we review the lower court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Southern Construction, Inc. v. London Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

In the case of *Premium Finance Corp. of America v. Crump Ins. Services of Memphis, Inc.*, 978 S.W.2d 91, 93 (Tenn. 1998) the court said: "This matter comes to us by way of a motion to dismiss for failure to state a claim upon which relief can be granted. Such motion tests only the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations-- ' but asserts that such facts do not constitute a cause of action as a matter of law.' *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996). Thus, courts ruling on such a motion must accept the truth of all factual allegations. The inferences to be drawn from the facts or the legal conclusions set forth in this complaint, however, are not required to be taken as true. *Briggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)." "A complaint must, under Rule 8.01 state 'the facts upon which a claim for relief is founded.' *W & O Const. Co. v. City of Smithville*, 557 S.W.2d 920, 922 (Tenn. 1977); *see also Swallows v. Western Elec. Co., Inc.*, 543 S.W.2d 581 (Tenn. 1976)." *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470 (Tenn. 1986).

## II.

The only issue is whether the trial court properly dismissed the claim against the Suttles, who were the owners and lessors of the premises where the Plaintiff was assaulted, for failure to state a claim upon which relief could be granted.

In the case of *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, at 89-90 (Tenn. 2000) our Supreme Court said:

> To bring a successful negligence claim, the plaintiff must establish each of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation. (Citations omitted).
>
> Duty is the legal obligation a defendant owes to a plaintiff to conform to a reasonable standard of care in order to protect against unreasonable risks of harm. (Citation omitted). In assessing whether a duty is owed in a particular case, courts must apply a balancing approach, based upon principles of fairness, to identify whether the risk to the plaintiff was unreasonable. (Citation omitted). This Court has stated that a "risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." (Citations omitted).

In ***McClung v. Delta Square Ltd. Partnership***, 937 S.W.2d 891 (Tenn. 1996), this Court considered what duty a premises owner or occupier owes to customers to protect them against the criminal acts of third parties occurring on the premises. Acknowledging that our decisions regarding the existence of a duty in negligence actions have consistently embraced a balancing approach, in ***McClung*** we set forth the following principles to be considered in determining duty in the contest of third-party criminal acts:

> A business ordinarily has no duty to protect customers from the criminal acts of third parties which occur on its premises. The business is not to be regarded as the insurer of the safety of its customers, and it has no absolute duty to implement security measures for the protection of its customers. However, a duty to take reasonable steps to protect customers arises if the business knows, or has reason to know, either from what has been or should have been observed or from past experience, that criminal acts against its customers on its premises are reasonably foreseeable, either generally or at some particular time.

A through review of the complaint reveals general conclusory allegations concerning the duty of care owed by the Suttles to the plaintiff. Those conclusory allegations state in essence: (1) they had duty to exercise ordinary care for the safety of the plaintiff; (2) they had a duty to exclude people, who they knew or should have known were dangerous, and people, who had weapons; and (3) they had duty to protect guests from misconduct of dangerous people.

Since a business ordinarily has no duty to protect customers from the criminal acts of third parties which occur on the premises, and it has no absolute duty to implement security measures for the protection of the customers, unless it knows or should know from past experiences or that criminal acts against its customers on the premises are reasonably foreseeable, either generally or at some particular time, it is notable that there are no specific factual averments to give rise to a duty of care on behalf of the Suttles.

This is especially significant in light of the initial specific factual averments, quoted as follows:

> That at all times mentioned herein, the Plaintiff believes that the Defendants, Mike Slover and wife, Linda Slover, along with the Defendant Luke Slover, managed or participated in the management at the L & M Lounge and otherwise controlled the common areas of said premises. At all times material to this action, it is believed that the Defendants, John D. Suttles and wife, Verda Suttles, were the owners of the property and had leased the property to the Slovers.

Without a properly plead duty of care there can be no conduct falling below the standard of care that amounts to a breach of duty. However, we will discuss the general averments of conduct of the Suttles. The complaint says in essence: (1) they failed to make the premises safe; (2) they failed to exercise their right to exclude; (3) they failed to exclude the person, who assaulted the plaintiff, when they knew or should have known he was dangerous; (4) they failed to protect the plaintiff from the misconduct of the person who assaulted him; (5) they failed to warn the plaintiff of danger with regard to allowing the person, who assaulted him, to remain on the premises; and (6) they violated Tenn. Code Ann. §§ 62-7-109. 68-14-602, 68-14-605.

Notwithstanding there are no specific factual allegations giving rise to the duty of care, the allegations relative to a breach of duty are likewise general as to the Suttles and essentially conclusory.

The alleged statutory violations are inapplicable to the Suttles. The specific factual allegations of the complaint show the Slovers as the lessees, managers and controllers of the premises and the Suttles as the owners-lessors. Tenn. Code Ann. § 62-7-109 deals with the right of the "keepers" of certain businesses to exclude people. Tenn. Code Ann. § 68-14-602 and § 68-14-605 deal with innkeepers.

## III.

In conclusion, we affirm the Circuit Court's order dismissing this action against the Suttles. Costs of appeal are adjudged against Jeffrey Lynn Miller and his surety.

_____
H. DAVID CATE, SPECIAL JUDGE