# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 10, 2013 Session

## TERESA POWELL HUDSON, INDIVIDUALLY AND AS SURVIVING SPOUSE AND EXECUTRIX OF THE ESTATE OF ROBERT MELVIN HUDSON, DECEASED v. TOWN OF JASPER

**Appeal from the Circuit Court for Marion County**
**No. 17942      Buddy D. Perry, Judge**

---

### No. M2013-00620-COA-R9-CV - Filed October 22, 2013

---

This is a wrongful death action against the Town of Jasper. The surviving spouse of the decedent, who died of complications resulting from a myocardial infarction, alleges that the town was negligent and negligent per se by failing to register its three automated external defibrillators with the emergency communications district dispatch as required by Tennessee Code Annotated § 68-140-703 and that such negligence contributed to the decedent's injuries and death. The town filed a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted on the basis the statute did not create a private right of action; the trial court denied the motion to dismiss but granted a Tenn. R. App. P. 9 interlocutory appeal. We have determined there is no express language creating a private right of action in the statute, and, looking to the statutory structure and legislative history of the statute, we have also determined the legislature did not intend to create a private right of action by implication. Therefore, we reverse and remand with instructions to grant the motion to dismiss the complaint for failure to state a claim upon which relief can be granted and enter judgment accordingly.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Ronald D. Wells and Stacy Lynn Archer, Chattanooga, Tennessee, for the appellant, Town of Jasper.

Jennifer H. Lawrence and David H. Lawrence, Chattanooga, Tennessee, for the appellee, Teresa Powell Hudson, Individually and as Surviving Spouse and Executrix of the Estate of Robert Melvin Hudson, Deceased.

**OPINION**

Robert Hudson ("Mr. Hudson"), who served on the Marion County Board of Commissioners, was attending a board meeting on June 25, 2007, in a municipal building within the city limits of the Town of Jasper when he suffered an apparent heart attack. Fellow commissioners immediately called 911 for an ambulance to be dispatched and began administering CPR; moments later they decided to drive him in one of their vehicles to the nearest medical facility. Mr. Hudson remained in the hospital until June 30, 2007, when he was pronounced dead of complications resulting from a myocardial infarction.

On June 18, 2008, Teresa Powell Hudson ("Plaintiff"), individually and as the surviving spouse of Mr. Hudson, timely filed this wrongful death action against the Town of Jasper. Plaintiff contends the town was negligent and negligent per se by failing to register its three automated external defibrillators ("AEDs") with the emergency communications district dispatch as required by Tennessee Code Annotated § 68-140-703 (2008)[1] and that such negligence contributed to her husband's death. Stated another way, she contends her husband would have survived if the AEDs, one of which was placed on each of the town's fire trucks, had been registered with the Marion County 911 operator in order to promptly dispatch the nearest fire truck.

For purposes of this appeal, it is undisputed that the Town of Jasper owned and controlled the town's volunteer fire department, the fire department acquired three AEDs in the months preceding Mr. Hudson's heart attack, Mr. Hudson was within the city limits of Jasper when and where he suffered the heart attack, and one of the AED equipped fire trucks was less than one mile from Hr. Hudson's location. Moreover, Jasper admits in its Answer that "the Town of Jasper has not registered the AED," and, therefore, it is undisputed that none of the AEDs were registered as required by Tennessee Code Annotated § 68-140-703.

After filing an Answer denying any liability or duty and taking discovery, the Town of Jasper filed a motion to dismiss for failure to state a claim, as well as an alternate motion for summary judgment. The evidence relied upon by both parties established that a disagreement had arisen among town officials concerning the acquisition of the AEDs by the town's volunteer fire department and whether the volunteer fire department should provide

---

[1]The statute was codified at Tennessee Code Annotated § 68-140-703 when this action was filed. In 2011, it was transferred, and it now appears in Tennessee Code Annotated § 68-140-403.

first responder emergency services. By letter dated December 12, 2006, the Fire Chief notified the Sheriff's department, which handles emergency dispatch duties for Marion County and its municipalities, to inform the 911 dispatchers that the Jasper fire department had acquired three AEDs and was willing to provide first responder emergency services. Upon learning of the Fire Chief's action, the Board of the Mayor and Aldermen of Jasper ("Board") sent a letter on December 20, 2006, to the Fire Chief objecting to the fire department providing first responder services because of potential liability issues. On or before December 29, 2006, the Board also learned the town did not have liability coverage for acts or omissions as a first responder.

In March 2007, the Town of Jasper obtained insurance that included coverage for first responder liability; nevertheless, pursuant to a decision made in August 2007, the Board refused to authorize the fire department to serve as a first responder. For the foregoing reasons, the AEDs were never registered.

Following a hearing on the motions, the trial court denied the motion to dismiss finding that the statute created a private cause of action and denied summary judgment finding there were genuine issues of material fact. After denying both motions, the Town of Jasper filed a Motion for Interlocutory Appeal. The trial court granted the right to this interlocutory appeal pursuant to Tenn. R. App. P. 9, and this court granted the interlocutory appeal.

In this appeal, the Town of Jasper contends that Tennessee Code Annotated § 68-140-703 does not create a private right of action for failure to register AEDs, and, therefore, the trial court erred by denying its Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. It also contends the trial court erred in denying its motion for summary judgment because, *inter alia*, it was immune from liability or at least shielded by the public duty doctrine.

## ANALYSIS

### A. MOTION TO DISMISS

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint; it does not challenge the strength of the plaintiff's proof. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d

691, 696 (Tenn. 2002) (citing *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996)). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

## B. PRIVATE RIGHT OF ACTION

Whether Tennessee Code Annotated § 68-140-703 creates a private right of action for failure to register AEDs is a matter of first impression, and we recognize that a plaintiff who asserts that a statute creates a private right of action has the burden to establish that a private right of action exists. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 856 (Tenn. 2010) (citing *Premium Fin. Corp. of Am. v. Crump Ins. Servs. of Memphis, Inc.*, 978 S.W.2d 91, 93 (Tenn. 1998)).

Plaintiff asserts Tennessee Code Annotated § 68-140-703 implicitly established a right of action because registration of AEDs is mandatory, and, in support of her assertion, she states that the mandate to register the AEDS would be pointless if the statute did not provide a cause of action for enforcement. The Town of Jasper contends there is no express or implied grant of a private right of action in the statute's legislative history or underlying purpose. The trial court agreed with Plaintiff, finding that the legislature's change of the wording of the statute from "*encouraged to register*" to "*shall, within a reasonable time after the placement of an AED, register*," creates a private right of action. The trial court further stated that without any enforcement provision, the statute would be meaningless.

Whether a statute creates a private right of action is determined by its statutory construction. *Brown*, 328 S.W.3d at 855 (citing *Premium Fin.*, 978 S.W.2d at 93). When analyzing statutory construction, the court must determine and implement legislative intent, without expanding beyond the statute's coverage. *Id.*; *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997). Moreover, the court may not liberally create a private right of action where the existence of such depends on the contents of the statute. *Brown*, 328 S.W.3d at 855 (citing *Premium Fin.*, 978 S.W.2d at 93). The authority to create a private right of action belongs to the legislature. *Id*.

The statute at issue reads in pertinent part:

(2) Any person or entity that acquires an AED shall, within a reasonable time after the placement of an AED, register the existence and location of the

-4-

defibrillator with the emergency communications district or the ambulance dispatch center of the primary provider of emergency medical services where the AED is to be located.

Tennessee Code Annotated § 68-140-703(2) (2008).

The doctrine of statutory construction mandates that we first look to the express statutory language to determine whether the legislature intended to create or deny a private right of action for failure to register AEDs. *Brown*, 328 S.W.3d at 855 (citing *Premium Fin.*, 978 S.W.2d at 93). Neither the original nor amended statute expressly creates or denies a private right of action for failing to register an AED. Because there is no express language creating a private right of action, we must now determine whether the legislature intended to create one by implication. We do this by looking to the statutory structure and legislative history. *Id*. (citing *Premium Fin.*, 978 S.W.2d at 93). Important factors to examine are (1) whether the aggrieved party is an intended beneficiary within the protection of the statute, (2) whether the legislative intent creates or denies a private right of action, and (3) whether implying such a remedy is consistent with the legislation's underlying purpose.[2] *Id*. (citing *Ergon, Inc. v. Amoco Oil Co.*, 966 F.Supp. 577, 583–84 (W.D. Tenn. 1997); *Buckner v. Carlton*, 623 S.W.2d 102, 105 (Tenn. Ct. App. 1981), *superseded by statute on other grounds*, Act of May 24, 1984, ch. 972, 1984 Tenn. Pub. Acts 1026, *as recognized in Lucas v. State*, 141 S.W.3d 121, 129, 137 (Tenn. Ct. App. 2004)).

Defendant concedes that Mr. Hudson, as a member of the public, was an intended beneficiary within the protection of the statute; therefore, the first factor favors Plaintiff.

As for the second factor, the legislative history does not reveal an intent to create a private right of action; in fact, nothing in the history supports the assertion that the legislature *intended* to create a private right of action by implication. Admittedly, the legislature changed the wording of the statute from *encouraging* registration to mandating registration with the inclusion of the word *shall*; nevertheless, the legislature did not expressly create nor does it appear that the legislature intended to implicitly create a private right of action for failing to register an AED. For us to infer that the inclusion of the word "shall" evidences an intent by

---

[2]These factors originally appeared in the United States Supreme Court's opinion in *Cort v. Ash*, 422 U.S. 66 (1975), which set forth the standard for determining whether a private right of action is implicit in a federal statute. *Cort*, 422 U.S. at 78. *Cort* also established a fourth factor concerning whether the cause of action is traditionally relegated to state law, which is inapplicable to the interpretation of state statutes, and, as such, is removed from the analysis. *See Ergon*, 966 F.Supp. 577 at 584 n.9. The first Tennessee decision to analyze the three applicable *Cort* factors to determine whether a Tennessee statute implied a private right of action was *Buckner v. Carlton*, 623 S.W.2d 102 (Tenn. Ct. App. 1981).

the legislature to create a private right of action by implication would constitute a liberal interpretation of the statute, and we are not permitted to do such. *See Premium Fin. Corp.*, 978 S.W.2d at 93 (citing *Hogan v. McDaniel*, 319 S.W.2d 221, 223 (Tenn. 1958)).

It is also appropriate that we adhere to the statutory construction doctrine of *in pari materia* to determine whether the second factor favors Plaintiff's contention. Statutes "*in pari materia*" - those relating to the same subject or having a common purpose - are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. *Berry's Chapel Util., Inc. v. Tennessee Regulatory Auth.*, M2011-02116-COAR12CV, 2012 WL 6697288, at *3 (Tenn. Ct. App. Dec. 21, 2012) (citing *Wilson v. Johnson Cnty.*, 879 S.W.2d 809 (Tenn. 1994)). Tennessee Code Annotated § 68-140-704, the section that immediately follows that upon which Plaintiff's contentions rely, appears to be in conflict with Plaintiff's argument. Section 704 states, "in order for an entity *to use or allow the use of an automated external defibrillator*," the entity must first establish a program for the use of the AEDs that includes a written plan complying with subdivisions (2)-(6) of Tennessee Code Annotated § 68-140-704 and rules adopted by the department of health. Thus, Tennessee Code Annotated § 68-140-704 makes it clear that the mere acquisition of an AED did not authorize the Town of Jasper *to use or allow the use* of its AEDs; to the contrary, additional steps were mandated prior to such use of an AED.

The third factor to consider is whether inferring a private right of action is consistent with the legislation's underlying purpose. The stated purpose of the statute is to increase the availability of AEDs in order to hopefully minimize the number of deaths from sudden cardiac arrest. Tenn. Gen. Assemb., H.B. 2970, 100th Gen. Assemb., Reg. Sess. (Tenn. 1998). A private right of action would not directly conflict with the stated purpose of the statute; however, the creation of a private right of action against entities that merely acquire AEDs is not likely to encourage such entities to obtain these devices, especially small municipalities. Thus, the creation of a private right of action against an entity that merely acquires an AED is likely to decrease, instead of increase, the availability of AEDs, which is contrary to the stated purpose of the statute.

We have therefore determined that Tennessee Code Annotated § 68-140-703 did not create a private right of action nor did the statute or statutes *in pari materia* impose an affirmative duty on the Town of Jasper to *use* or *allow the use* of its AEDs simply because it acquired AEDs.

For the foregoing reasons, we have determined that Plaintiff failed to state a claim upon which relief can be granted due to the Town of Jasper's alleged negligence in failing to register its AEDs. Therefore, we reverse the decision to deny the motion to dismiss and

remand with instructions to grant the motion to dismiss the complaint for failure to state a claim upon which relief can be granted and enter judgment accordingly.

## C. MOTION FOR SUMMARY JUDGMENT

The foregoing decision renders moot the issue pertaining to the motion for summary judgment; accordingly, it will not be addressed.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with instructions to grant the Town of Jasper's Tenn. R. Civ. P. 12.02(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted and enter judgment accordingly. Costs of appeal are assessed against Plaintiff.


_____
FRANK G. CLEMENT, JR., JUDGE