FILED
07/29/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 24, 2020 Session

## CANDICE MOSBY v. FAYETTE COUNTY BOARD OF EDUCATION, ET AL.

Appeal from the Chancery Court for Fayette County
No. 17126    Martha B. Brasfield, Chancellor
_____

### No. W2019-01851-COA-R3-CV
_____

This case involves a challenge to a decision to non-renew the employment of a non-tenured teacher. The plaintiff brought suit challenging her non-renewal on the basis that she did not receive six required observations per school year. In her complaint, the plaintiff challenged the non-renewal decision itself, stating it was procedurally flawed, and alleged the director improperly delegated the decision. After the plaintiff presented her proof at trial, the defendants moved for an involuntary dismissal. The trial court granted the motion, and the plaintiff appealed. We affirm the trial court's decision to dismiss the case and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Richard L. Colbert, C. Joseph Hubbard, and Kelley E. Strange, Nashville, Tennessee, for the appellant, Candice Mosby.

Andrew V. Sellers, Jackson, Tennessee, for the appellees, Fayette County Board of Education, and Marlon D. King.

## OPINION

### I.    FACTS & PROCEDURAL HISTORY

In January 2013, Candice Mosby ("Plaintiff") was hired as a school guidance

counselor for the Fayette County School System. As a "teacher,"[1] Plaintiff was employed by the Fayette County Board of Education ("the Board"). Throughout her time as a counselor, Plaintiff was responsible for helping students with issues such as selecting classes, registering for and adjusting class schedules, preparing for college, and providing individual counseling. Because Plaintiff held a five-year apprentice-level license, she sought to advance to a professional license.

In order to advance to a professional license, teachers needed to earn professional development points ("PDPs"). PDPs are earned by receiving high scores on evaluations (if completed) and by participating in additional training, such as attending conferences or workshops. The majority of an evaluation is comprised of observations of a teacher. Plaintiff testified that State law requires a teacher be observed six times per school year. High scoring evaluations and PDPs also help a teacher obtain tenure status. Therefore, Plaintiff claims, it is important for a non-tenured teacher, such as herself, to obtain the proper evaluations and observations. For the 2013–2014 school year, Plaintiff received an overall evaluation score of 4 out of 5, scoring above expectations. Plaintiff did not receive an evaluation score the following school year. Additionally, there is no evidence to show that she was observed in the 2013–2014 or 2014–2015 school years.

Concerned that she was not being observed or receiving a complete evaluation, Plaintiff asked one of the school's Assistant Principals, Marcus Stokes, to observe her during the 2015–2016 school year. The initial observation form for this school year is dated as December 17, 2015. Plaintiff admits that she helped fill out and signed this observation form. However, despite her signature on the form, Plaintiff maintains that Mr. Stokes did not actually observe her and that he asked Plaintiff to fill out the form herself.[2] Plaintiff signed another observation form on May 16, 2016 that indicated Mr. Stokes performed a second observation. Again, Plaintiff asserts that no school administrator actually observed her in May 2016 and that Stokes asked her to fill out the form. Even if Mr. Stokes observed Plaintiff in December 2015 and May 2016, the record does not contain written proof of six observations. Knowing that she did not receive necessary observations, Plaintiff did not inform her immediate supervisor, Principal Diane Watkins or any member of the Board that she lacked necessary observations. Plaintiff did not file a formal or informal grievance action for not receiving the sufficient number of observations.

On May 23, 2016, Plaintiff met with Principal Watkins and Mr. Stokes to receive her "placement letter" for the upcoming school year. At the meeting, Principal Watkins gave Plaintiff a written memorandum that indicated her employment would not be renewed. The memorandum included the letterhead of Dr. Marlon King, the Director of

---

[1] Tennessee Code Annotated broadly defines "teachers" to include counselors, supervisors, "and all other certificated personnel employed by any local board of education." Tenn. Code Ann. § 49-5-501(10).

[2] At trial, Plaintiff testified that she believed signing the form "was [her] only option to have an observation completed."

Fayette County Schools. At trial, Dr. King testified that school principals made recommendations on personnel decisions, including Plaintiff's, and Dr. King made the final decision to non-renew Plaintiff. Dr. King stated that he did not review Plaintiff's formal observations prior to making his decision.

On February 21, 2017, Plaintiff initiated this action by filing a complaint against Dr. King and the Board (collectively "Defendants"). In her complaint, Plaintiff alleged that Dr. King and the Board improperly failed to consider Plaintiff's required evaluations in deciding to non-renew her employment, that the decision was untimely, and that Dr. King improperly delegated his responsibility to make the non-renewal decision.[3] Trial occurred on October 3, 2019. Plaintiff, Stella Minor (former Human Resources Director of the Fayette County School System), and Dr. King testified. At the close of Plaintiff's proof, Dr. King and the Board moved for involuntary dismissal, arguing that Plaintiff did not have a right of action to challenge the non-renewal decision and that Dr. King did not delegate the decision to non-renew Plaintiff. In an oral ruling, the trial court granted Defendants' motion to dismiss. On October 10, 2019, the trial court entered a final written order, incorporating its oral ruling. Plaintiff timely appealed.

## II.    ISSUE PRESENTED

Plaintiff presents one issue on appeal, which we have copied verbatim:

> In light of the requirement in Tenn. Code Ann. § 49-1-302(d)(2)(A) that a teacher's evaluation "shall be a factor" in all employment-related decisions, may a non-tenured teacher maintain an action challenging her nonrenewal under Tenn. Code Ann. § 49-5-409 when the director of schools makes the decision to non-renew without considering her evaluations?

For the reasons stated herein, we affirm the trial court's decision to grant Defendants' motion to dismiss and find that Tennessee Code Annotated section 49-5-409 does not provide a private right of action for Plaintiff.

## III.    DISCUSSION

A trial court's ruling on a Tennessee Rule of Civil Procedure 41.02(2) motion for involuntary dismissal is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure. *Bldg. Materials Corp. v. Britt*, 211 S.W.3d 706, 711 (Tenn. 2007). "The court may dismiss the plaintiff's claim if the plaintiff has failed to make out a prima facie case." *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 414 (Tenn. 2013) (citing *Bldg. Materials Corp.*, 211 S.W.3d at 711). Similarly, dismissal is appropriate under Rule

---

[3] The trial court found that Dr. King made the ultimate decision to non-renew Plaintiff's employment. Plaintiff does not challenge this finding in this appeal.

41.02(2) when "the plaintiff fail[s] to demonstrate a right to the relief sought." *Id.* at 413 (citing *City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d 734, 740 (Tenn. 1997)). The trial court's factual findings are reviewed *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006). Legal conclusions are reviewed *de novo* with no presumption of correctness. *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017); *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 855 (Tenn. 2010). Questions of law include a court's interpretation of statutes and local ordinances. *Shore*, 411 S.W.3d at 414 (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011); *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000)).

The entirety of Plaintiff's appeal is based on a single issue: whether she has a right of action under Tennessee Code Annotated section 49-5-409 to challenge the decision not to renew her employment when she received timely notice of the decision. As a legal issue, this determination is subject to *de novo* review by this Court. *Brown*, 328 S.W.3d at 855.

"A private right of action is the right of an individual to bring suit to remedy or prevent an injury that results from another party's actual or threatened violation of a legal requirement." *Hardy v. Tournament Players Club at Southwind, Inc.*, 513 S.W.3d 427, 433 (Tenn. 2017) (quoting *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 296 (3d Cir. 2007)).[4] If a statute does not expressly provide a right of action, courts must determine whether the legislature intended to create an implied right of action. *Brown*, 328 S.W.3d at 855. "Determining whether a statute creates a private right of action requires statutory construction." *Hardy*, 513 S.W.3d at 433. In making this determination, "courts are not privileged to create such a right under the guise of liberal interpretation of the statute." *Brown*, 328 S.W.3d at 855 (quoting *Premium Fin. Corp. of Am. v. Crump Ins. Servs. of Memphis, Inc.*, 978 S.W.2d 91, 93 (Tenn. 1998)). Instead, the authority to create a statutory cause of action lies with the legislature. *Id.* (citing *Premium Fin. Corp. of Am.*, 978 S.W.2d at 93; *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 689 (Tenn. Ct. App. 1999)). The plaintiff bears the burden of establishing that a statute provides a private right of action. *Id.* at 856; *Morrison v. City of Bolivar*, No. W2011-01874-COA-R9-CV, 2012 WL 2151480, at *6 (Tenn. Ct. App. June 14, 2012).

Plaintiff asserts a claim under Tennessee Code Annotated section 49-5-409, alleging that her non-renewal was a violation of the "Continuing Contract Law."[5] In doing so,

---

[4] As noted by the Supreme Court, the terms "private right of action" and "private cause of action" are often used interchangeably. *Id.* at 433 n.7.

[5] The relevant portions of Tennessee Code Annotated section 49-5-409 state:

(a) Teachers in service and under control of the public elementary and high schools of this state shall continue in such service until they have received written notice from their board of education or director of schools, as appropriate, of their dismissal or failure of reelection.

Plaintiff argues that her dismissal was unlawful under section 49-5-409 because Dr. King and the Board did not comply with Tennessee Code Annotated section 49-1-302(d)(2)(A). Among other requirements, section 49-1-302(d)(2)(A) states, "[annual] evaluations shall be a factor in employment decisions, including . . . promotion, retention, [and] termination." Despite Plaintiff's persistent contentions, we cannot conclude that she has a right of action in this case to challenge the decision to non-renew her employment.

In Tennessee, generally, non-tenured teachers are employed by successive one-year contracts that are subject to renewal at the end of the school year. *See Arnwine v. Union Cty. Bd. of Educ.*, 120 S.W.3d 804, 808–09 (Tenn. 2003) (concluding a school board does not have authority to enter into a multi-year contract with a teacher); *Cannon Cty. Bd. of Educ. v. Wade*, No. M2006-02001-COA-R3-CV, 2008 WL 3069466, at *9 (Tenn. Ct. App. July 31, 2008). A non-tenured teacher "shall continue in such service until [he or she has] received written notice from the[] board of education or director of schools." Tenn. Code Ann. § 49-5-409(a). Additionally, "[t]he [written] notice must be received within five (5) business days following the last instructional day for the school year to be applicable to the next succeeding school year." Tenn. Code Ann. § 49-5-409(b).[6] Forty-five years ago the Supreme Court in *Snell v. Brothers* stated, the failure to give a teacher timely notice of a decision to non-renew entitles the teacher to an additional year of employment under the Continuing Contract Law. 527 S.W.2d 114, 117, 119 (Tenn. 1975). Stated differently, if notice of non-renewal is untimely, it is not effective until the end of the following school year. *See id.* This Court has recently revisited the Continuing Contract Law.

In *Dallas v. Shelby County Board of Education*, a tenured teacher did not receive written notice of non-renewal until several months after the end of the school year. *Dallas*, 2019 WL 3918735, at *2, *13. Due to the untimely notice, she asserted a claim under the Continuing Contract Law of Tennessee Code Annotated section 49-5-409(b). *Id.* at *11. This Court found that the trial court's grant of summary judgment was improper since it was undisputed "that the Board did not strictly comply with the plain language of section 49-5-409(b)." *Id.* at *13. The untimeliness of the notice was central to this decision. *See id.* at *15.

---

(b) The notice must be received within five (5) business days following the last instructional day for the school year to be applicable to the next succeeding school year; . . . .

(c) . . . The determination of whether a teacher is qualified for an open position shall be made by the director of schools, and the teacher's most recent evaluations may be a factor in such determination.

[6] Prior versions of this section had different time requirements for receipt of notice. *See, e.g.*, *Dallas v. Shelby Cty. Bd. of Educ.*, No. W2018-01661-COA-R3-CV, 2019 WL 3918735, at *13 (Tenn. Ct. App. Aug. 19, 2019) (stating Tennessee Code Annotated section 49-5-409(b) required "the notice must be *received prior* to June 15").

Turning to the facts of this case, despite her argument to the contrary, we cannot agree that *Dallas* and *Snell* provide support for Plaintiff's claim. On appeal, there is no dispute that Plaintiff received timely notice of the decision not to renew her employment. Instead, Plaintiff argues that the Continuing Contract Law applies because Plaintiff's evaluations were not considered in the decision, as is required in Tennessee Code Annotated section 49-1-302(d)(2)(A). We cannot make such a conclusion. The holdings in *Snell*, 527 S.W.2d at 119, and *Dallas*, 2019 WL 3918735, at *13, do not turn on a failure to consider a teacher's evaluations in deciding not to renew employment. Without the timeliness of notice being in dispute, we cannot find that these cases are on-point.[7]

We find no language in section 49-5-409 that directs a court to include section 49-1-302(d)(2)(A) in a claim under Continuing Contract Law. *See* Tenn. Code Ann. § 49-5-409. Allowing such a claim would fly in the face of the directive that courts shall not "create a [private] right under the guise of liberal interpretation of [a] statute." *See Brown*, 328 S.W.3d at 855 (quoting *Premium Fin. Corp.*, 978 S.W.2d at 93). Instead of wielding the broad-sweeping effect that Plaintiff asserts, the Continuing Contract Law centers on the timeliness of notice given to a teacher. *See Dallas*, 2019 WL 3918735, at *15 (stating "the timely notice of nonrenewal is the 'essence of the thing to be accomplished' by the Continuing Contract Law") (quoting *Emory v. Memphis City Sch. Bd. of Educ.*, 514 S.W.3d 129, 144 n.11 (Tenn. 2017)); *Wash. Cty. Educ. Ass'n v. Wash. Bd. of Educ.*, No. E2018-01037-COA-R3-CV, 2019 WL 2537864, at *3 (Tenn. Ct. App. June 20, 2019) (stating "a non-tenured teacher may be dismissed without cause by written notice . . . as long as the notice complies with the time limits set in Tenn. Code Ann. § 49-[5]-409") (alternation in original) (quoting *Cannon Cty. Bd. of Educ.*, 2008 WL 3069466, at *10).

Plaintiff's argument regarding the factors listed in *Hardy,* 513 S.W.3d at 435, and *Brown,* 328 S.W.3d at 855–56, is also unpersuasive. In *Brown*, the Supreme Court listed three factors to determine whether a statute provides an implied right of action:

(1) whether the party bringing the cause of action is an intended beneficiary within the protection of the statute, (2) whether there is any indication of legislative intent, express or implied, to create or deny the private right of action, and (3) whether implying such a remedy is consistent with the

---

[7] In support of her case, Plaintiff also cites *Geller v. Henry Cty. Bd. of Educ.*, No. W2017-01678-COA-R3-CV, 2018 WL 4944542 (Tenn. Ct. App. Oct. 12, 2018), which was recently overturned by our Supreme Court. *See Geller v. Henry Cty. Bd. of Educ.*, No. W2017-01678-SC-R11-CV, 2020 WL 3169502, at *15 (Tenn. June 15, 2020). Regardless, we do not find the basis of the Supreme Court's decision to be applicable to the present case because it involved the *transfer* of a tenured teacher and was decided on other grounds. *See id.* Plaintiff also relies on *Jones v. Knox Cty. Bd. of Educ.*, No. E2015-00304-COA-R3-CV, 2015 WL 9290172 (Tenn. Ct. App. Dec. 21, 2015). In that case, the plaintiff was a tenured teacher who challenged her *transfer* under Tennessee Code Annotated section 49-5-510. *Jones*, 2015 WL 9290172, at *1. Further, *Jones* did not include a discussion on the Continuing Contract Law of section 49-5-409. Therefore, we also find plaintiff's reliance on this case to be misplaced.

underlying purposes of the legislation.

*Brown*, 328 S.W.3d at 855. The court applied these factors again in *Hardy*, 513 S.W.3d at 435–36.

Without a violation of section 49-5-409, we do not need to apply the *Brown* factors in this case. As we have previously stated, "the timing of section 49-5-409 (b)'s notice requirement is the very core of the statute." *Dallas*, 2019 WL 3918735, at *15. Section 49-5-409 does not offer a prolonged list of protections for non-tenured teachers who wish to challenge a decision to non-renew their employment. Instead, "[the timing requirement] is the central and *nearly the sole protection* offered to non-tenured teachers." *Id.* (emphasis added). *See also Snell*, 527 S.W.2d at 116 (stating "[a]n untenured teacher . . . can be discharged without cause *simply by written notice* of dismissal" if the notice is received by the required date) (emphasis added); *Cannon Cty. Bd. of Educ.*, 2008 WL 3069466, at *10 (stating the only requirement for a non-tenured teacher to be dismissed without cause is for the teacher to receive proper written notice of the dismissal). Unless the notice of non-renewal was untimely, "a non-tenured teacher whose employment is not renewed . . . *has no right to judicial review*" in asserting a claim under section 49-5-409. *See Cannon Cty. Bd. of Educ.*, 2008 WL 3069466, at *10 (emphasis added) (citing *Malone v. Shelby Co. Bd. of Educ.*, 773 S.W.2d 256, 259 (Tenn. Ct. App. 1989)).

In this case, there is no dispute that Plaintiff was given timely written notice on May 23, 2016. The trial court expressly found the notice to be timely, and Plaintiff does not challenge that finding on appeal. In the absence of a violation of the timeliness requirement in Tennessee Code Annotated section 49-5-409, this section provides no right of action for Plaintiff—an untenured teacher—to challenge Dr. King's decision not to renew her employment.[8] Plaintiff has failed to demonstrate a right to relief under Tennessee Code Annotated section 49-5-409. Therefore, we affirm the trial court's decision to dismiss Plaintiff's claim.[9] *See Shore*, 411 S.W.3d at 413 (stating dismissal is appropriate under Rule 41.02 when "the plaintiff fail[s] to demonstrate a right to the relief sought"); *Brown*, 328 S.W.3d at 856 (stating a plaintiff bears the burden of proving a statute provides a private right of action).

## IV.  CONCLUSION

---

[8] In her reply brief, Plaintiff plainly states that she is *not* asserting "an implied right of action based on Tenn. Code Ann. § 49-1-302[(d)(2)(A)]." Instead, her challenge comes directly from section 49-5-409. Consequently, it is unnecessary to determine whether the *Brown* factors would allow Plaintiff to assert a cause of action under section 49-1-302(d)(2)(A).

[9] While the trial court may have given a different analysis on the Plaintiff's right of action, its conclusion was the same as ours, so its decision may be affirmed. *See Shutt v. Blount*, 249 S.W.2d 904, 907 (Tenn. 1952) (stating "if the [t]rial [j]udge reached the right result for the wrong reason, there is no reversible error"); *Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8, 20 (Tenn. Ct. App. 2019).

For the reasons stated herein, we affirm the circuit court's decision to dismiss Plaintiff's claim and remand for further proceedings as may be necessary. Costs of this appeal are taxed to appellant, Candice Mosby, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE